John A. Girardi, Esq. (SBN #54917)
    jgirardi@girardikeese.com
V. Andre Sherman, Esq. (SBN #198684)
    asherman@girardikeese.com
**GIRARDI KEESE**
1126 Wilshire Blvd.
Los Angeles, CA 90017
Ph: (213) 977-0211
Fax: (213) 481-1554

**Attorneys for Plaintiff and the Proposed Class**
[*Additional counsel listed on signature page*]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>FRITO-LAY, INC., a foreign corporation doing business in California, and DOES 1-10 inclusive,<br><br>　　　　Defendants. | CASE NO. 4:14-CV-00751-JSW<br>Hon: Jeffrey S. White Presiding<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT. 15 U.S.C. §1681 *et seq.*;**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff JANE ROE (hereafter as "Plaintiff") complains against Defendants FRITO-LAY, INC., and DOES 1-10 inclusive (hereafter as "FRITO-LAY" or "Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. Ninety-two percent of all employers, including FRITO-LAY, routinely obtain employment background check reports or consumer reports on prospective and existing employees. Employers frequently rely on such information as a basis for adverse employment action, e.g., denial/termination of employment.[1]

2. Background check companies, or consumer reporting agencies ("CRAs"), provide consumer reports based on criminal history data maintained in their own proprietary databases. These companies compile information from various sources including state and federal criminal record repositories that are often inaccurate or outdated.

3. Misreported information often lead to grave consequences for the job seekers. Thus, Congress enacted the Fair Credit Reporting Act ("FCRA" 15 U.S.C. §1681 *et seq.*) to insure consumer information are furnished and used in a manner that is "fair and equitable to the consumer…" 15 U.S.C. §1681(b).

4. Accordingly, under the FCRA, 15 U.S.C. § 1681b(b)(3)(A), **before** taking any adverse employment action based in whole or in part on a consumer report, the employer must provide to the job applicant:

   a. a copy of the consumer report;

   b. a description in writing of the rights of the consumer under the FCRA; and

   c. a reasonable opportunity to dispute the information before rendering the adverse employment decision.

---

[1] EEOC Enforcement Guidance, *Enforcement Guidance on the Consideration of Arrest and Conviction Records in Employment Decisions Under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 et seq.* (April 25, 2012), p. 6 (http://www.eeoc.gov/laws/guidance/upload/arrest_conviction.pdf (last visited May 31, 2012)).

5. After an adverse action occurs, the consumer job applicant must receive a second notice, mandated by 15 U.S.C. § 1681m(a). (Hereafter, Plaintiff will refer to the first of those notices as the "pre-adverse action notice," and the second as the "adverse action notice.")

6. The reasons for the pre-adverse action notice requirement in employment situations are to alert the job applicant that he is about to be rejected based on the content of a report, and to give him an opportunity to challenge the accuracy or relevancy of the information with the consumer reporting agency or the employer before the job prospect is lost.

7. The pre-adverse action notice requirement is unqualified. "Employers must comply with the pre-adverse action disclosure requirement even where the information contained in the consumer report (such as a criminal record) would automatically disqualify the individual from employment or lead to an adverse employment action." FTC, *40 years of Experience with the Fair Credit Reporting Act* (July 2011) p. 53.

8. This requirement makes sense because even where the applicant was justly denied employment, he would be informed that his criminal history was a factor in the employer's adverse employment decision, and would be motivated to seek various state remedies to expunge his criminal records. In California, this is called a dismissal pursuant to Penal Code § 1203.4.

9. To ensure knowing compliance with FCRA, Congress further requires that before any consumer reporting agency may provide consumer reports on an applicant, the reporting agency must have obtained a certification from the employer that it will comply with 15 U.S.C. § 1681b(b)(3) by providing the consumer with a pre-adverse action notice whenever the employer decides to take adverse action based in whole or in part on the consumer report. 15 U.S.C. §1681b(b)(1)(A).

10. FRITO-LAY is an employer and a "user" of consumer reports for purposes of the FCRA and it is therefore a regulated entity under the FCRA.

11. Plaintiff is informed and believes, and thereon alleges that FRITO-LAY knowingly, voluntarily, and with the assistance of its counsel, executed a certification providing that it would comply with various provisions of the FCRA including providing a pre-adverse

3

FIRST AMENDED CLASS ACTION COMPLAINT

action notice whenever adverse employment action was contemplated or taken based in whole or in part on information contained in a consumer report.

12. Despite its certification, FRITO-LAY knowingly violated 15 U.S.C. § 1681b(b)(3) by failing to provide its job applicants and employees with pre-adverse action notice ***prior*** to taking adverse employment action.

13. Based on these violations, Plaintiff asserts FCRA claims against FRITO-LAY on behalf of himself and those similarly situated for FRITO-LAY's intentional failure to provide the notices as described above.

## THE PARTIES

14. Plaintiff JANE ROE is, and at all times relevant hereto was, an individual over the age of 18 and a resident of Los Angeles County, California.

15. Plaintiff is a consumer as defined by 15 U.S.C. § 1681a(c) because he is an individual.

16. Defendant FRITO-LAY, INC. is a company that conducts business throughout the United States, including in Los Angeles County, California. FRITO-LAY has its headquarters and principal place of business in Plano, Texas.

17. At all times pertinent hereto, FRITO-LAY was a user of consumer reports and is subject to regulation under 15 U.S.C. § 1681b.

## FACTUAL ALLEGATIONS

18. On May 9, 2002, Plaintiff pleaded guilty to a single count of grand theft under California Penal Code §487(a). Plaintiff was prosecuted for receiving overpayment of government subsidies furnished pursuant to Section 8 of the Housing Act of 1937 (42 USC §1437).

19. Plaintiff was eight months pregnant at the time of she was charged and prosecuted for the alleged offense. To avoid further confinement pending arraignment and trial, Plaintiff

4

FIRST AMENDED CLASS ACTION COMPLAINT

agreed to plead guilty to the charge of grand theft, with the condition that the case would be dismissed upon repayment of the Section 8 overpayments to the appropriate government agency.

20. The agreed upon amount of $6,000 was fully repaid, and dismissal was granted by the Alameda County Superior Court on March 8, 2005. The court recorded on the day's minute order, "Case dismissed in the interest of justice due to civil compromise."

21. Plaintiff has no criminal convictions before or after this incident.

22. After Plaintiff was laid off following her eleven-year career with the New United Motors Manufacturing Inc. ("New United") due to the company's bankruptcy, she received training and education from the San Joaquin Valley College in Salida, California as an industrial technician.

23. Through the program at the San Joaquin Valley College, Plaintiff found out about an employment position with FRITO-LAY, INC. (hereafter as "FRITO-LAY" or "employer"), and Plaintiff submitted an employment application to FRITO-LAY sometime in January 2012.

24. Plaintiff is informed and believes that Plaintiff was one of the few applicants accepted and interviewed, among about 90 applications that FRITO-LAY accepted.

25. Plaintiff went through two rounds of interviews with FRITO-LAY. During the second interview, FRITO-LAY's hiring manager stated that Plaintiff was qualified for the position and that she could participate in the "flex" program due to her previous work history with New United and the training and education she received at San Joaquin Valley College as an industrial technician.

26. Plaintiff is informed and believes that FRITO-LAY would have offered the job to her if she passed the required background check.

27. On or about January 10, 2012, FRITO-LAY requested that LEXISNEXIS, a background screening company or consumer reporting agency prepare a criminal background check concerning Plaintiff.

28. On or about January 23, 2012, LEXISNEXIS furnished a consumer report to FRITO-LAY, which contained inaccurate, incomplete, and not up-to-date information concerning Plaintiff.

5

FIRST AMENDED CLASS ACTION COMPLAINT

1    29.    The January 23, 2012 report (hereafter as "the SUBJECT REPORT") contains the
2 following information: [2]

| | |
|---|---|
| Case Reference # | [Redacted] |
| Case Date | 05/09/2002 |
| Name on File | [Redacted] |
| DoB on File | 09/19/XXXX |
| Charge | GRAND THEFT |
| Charge Type | MISDEMEANOR |
| Disposition | NOLO CONTENDERE |
| Date | 03/08/2005 |
| Sentence | PROBATION 60 MONTHS; JAIL 1 DAY; RESTITUTION RESERVED |

30.    The information is incorrect, incomplete, and not up to date because the dismissed conviction should not have been reported by LEXISNEXIS. Alternatively, the "Disposition" of the conviction did not properly reflect a dismissal and that Plaintiff did not plea to a "nolo contendere" on "03/08/2005." The only court action that occurred on March 8, 2005 was the dismissal of Plaintiff's criminal case.

31.    Following the receipt of the report, FRITO-LAY promptly denied Plaintiff's employment application the next day and on January 24, 2012.

32.    Pursuant to an adverse action notice dated January 24, 2012, FRITO-LAY informed Plaintiff that "We regret to inform you that we have found it necessary to reject your application for employment. This action was influenced by information in an authorized consumer report made, at our request, by [LEXISNEXIS d.b.a.] ChoicePoint…"

33.    However, despite providing an adverse action notice, no pre-adverse action notice was ever provided to Plaintiff. No opportunity was ever provided to Plaintiff to dispute the inaccurate information disclosed in the consumer report.

---

[2] Identifying information has been redacted to protect Plaintiff's identity.

6

FIRST AMENDED CLASS ACTION COMPLAINT

34.     FRIOT-LAY was clearly aware of its statutory duties under the FCRA as it relates to the taking of adverse action because it knew to provide an adverse action notice pursuant 15 U.S.C. §1681m. Nevertheless, FRITO-LAY intentionally disregarded its duty to provide pre-adverse notices compliant with 15 U.S.C. § 1681b(b)(3) and never provided the same to Plaintiff.

35.     During the relevant period, LEXISNEXIS provided, and continues to provide, consumer reports to FRITO-LAY under a service agreement.  Plaintiff is informed and believes that under the service agreement, FRITO-LAY certified to LEXISNEXIS that it would comply with the FCRA, including provisions specifically and directly relating to its duty to provide pre-adverse action notices to its job applicants and employees.

36.     FRITO-LAY knowingly, voluntarily, and with the assistance of its counsel signed the service agreement including the above-mentioned certification.

37.     Moreover, among the informational material FRITO-LAY provides to new hires, FRITO-LAY encloses a document called "A Summary of Your Rights Under the Fair Credit Reporting Act." This documents states that:

> "**You must be told if information in your file has been used against you.** Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment – or take another adverse action against you – must tell you, and must give you the name, address, and phone number of the agency that provided the information."

38.     In direct violation of this writing and the above described statutes, whenever adverse action is contemplated against an applicant on the basis of information disclosed on a consumer report, FRITO-LAY simply ignores its statutory duties to provide consumers with pre-adverse action notice and an opportunity to dispute the information.

39.     Among its service offerings, LEXISNEXIS provides a package of services which purport to assist the employer in complying with the FCRA by automatically generating and mailing pre-adverse action and adverse action notices to the consumer along with a copy of the consumer report under the employer's letterhead whenever there has been an adverse adjudication by LEXISNEXIS based on the pre-determined criteria supplied by FRITO-LAY.

40. Consumer reporting agencies routinely provide a similar service and many employers purchase it. FRITO-LAY could have easily and cost-effectively complied with the mandates of the FCRA by purchasing this service, but failed to do so.

41. Plaintiff is informed and believes and thereby alleges that the market rate for providing pre-adverse action notices is approximately $2.00.

42. Plaintiff is informed and believes, and thereon alleges that FRITO-LAY made a calculated decision to violate the FCRA by not providing pre-adverse action notices in order to save on costs in connection with the applicant screening and hiring process.

43. FRITO-LAY knew or had reason to know that its conduct was inconsistent with published Federal Trade Commission ("FTC") guidance interpreting the FCRA and the plain language of the statute.

## CLASS ACTION ALLEGATIONS

44. FRITO-LAY's practices and procedures described herein affected and continue to affect Plaintiff and other consumers who have been subject to an adverse employment action on the basis of information in consumer reports.

45. Plaintiff asserts his claims in Counts 1 on behalf of a Putative Class defined as follows:

> All natural persons residing in the United States who, within five years from the filing of this action, were the subject of a consumer report prepared at the request of FRITO-LAY for employment purposes and who were subject to an adverse employment action based on that report.

46. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable. FRITO-LAY regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, as a basis for adverse employment action. Plaintiff is informed and believes that, during the relevant time period, FRITO-LAY failed to provide a pre-adverse action or adverse action notice to thousands of employees and prospective employees. The numerosity of the proposed class satisfies the definition of the Putative class.

47. <u>Commonality</u>: There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. Those questions include:

    (a) whether FRITO-LAY violated 15 U.S.C. § 1681b(b)(3)(A) by failing to provide pre-adverse action notice to consumers before taking adverse action in whole or in part based on a consumer report; and

    (c) whether FRITO-LAY's violations were willful.

48. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.  FRITO-LAY typically uses consumer reports to conduct background checks on employees and prospective employees. FRITO-LAY typically contingently hires these employees prior to conducting background checks, and only orders background checks after it has been determined that employees are qualified for the position.  FRITO-LAY routinely takes adverse action based in whole or in part on consumer reports, and denies employment to consumers who do not pass a background screening.  Finally, FRITO-LAY typically does not provide pre-adverse action notices to these consumers prior to the taking of adverse action.  The FCRA violations suffered by Plaintiff are typical of those suffered by other Putative Class members, and FRITO-LAY treated Plaintiff consistently with other Putative Class members in accordance with its standard policies and practices.

49. Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff is committed to vigorously litigating this matter and has no conflict with the Class.  Plaintiff has secured counsel experienced in handling civil rights and consumer class actions.

50. This action should be maintained as a class action pursuant to Rule 23(b)(3) because the questions of law and fact common to Class Members predominate over any questions affecting only individual Class members, and a class action is a superior method for the fair and efficient adjudication of this controversy.  The interest of Class Members in individually controlling the prosecution of separate claims against FRITO-LAY is small.  Management of the

9

FIRST AMENDED CLASS ACTION COMPLAINT

1  Class claims will avoid inconsistent judgments and result in a more efficient use of judicial
2  resources than resolving these same issues in many individual cases.

3      51.    FRITO-LAY, solely or in combination with LEXISNEXIS, maintains records
4  based on which all class members can be identified.  These records also contain address
5  information.  Upon certification, Plaintiffs will send class notice via first class mail to all
6  members of the class, such notices to be mailed to class members' last known address as
7  determined by comparing FRITO-LAY's information with the National Change of Address
8  database.

**COUNT 1**
**Violation of the Fair Credit Reporting Act**
**15 U.S.C. §§ 1681b(b)(3)(A)**
**(on behalf of Plaintiff and the Class)**

    52.    Plaintiff realleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

    53.    FRITO-LAY used a "consumer report," as defined by the FCRA, to take adverse employment action against Plaintiff and other members of the Putative Class.

    54.    FRITO-LAY violated the FCRA by failing to provide Plaintiff and other Putative Class members, prior to taking adverse action, with notice that adverse action would be taken in whole or in part based on a consumer report, along with a copy of the consumer report and a compliant description in writing of the rights of the consumer.

    55.    The foregoing violations were willful.  FRITO-LAY acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Class members under 15 U.S.C. § 1681b(b)(3)(A).  The willfulness of FRITO-LAY's conduct is reflected by, among other things, the following facts:

    a. Based on the plain language of the statute, legal advice provided by its own general counsel or outside employment counsel, and published FTC guidance, FRITO-LAY knew or should have known that its failure to provide pre-adverse action notice was unlawful.;

10

**FIRST AMENDED CLASS ACTION COMPLAINT**

    b. Moreover, based on the certification executed and memorialized by LEXISNEXIS and itself, FRITO-LAY explicitly acknowledged that it has the duty to provide a pre-adverse action notice as specified under the FCRA;

    c. FRITO-LAY could have complied with the statutory duty to provide a pre-adverse action notice either by sending the notice directly to the affected consumer job applicant, or by contracting with LEXISNEXIS to do so on its behalf;

    d. Despite the clear notice of the law, full ability to comply, and ample opportunity, FRITO-LAY failed to adopt any measure which would have provided the required notice to Plaintiff and the Class.

56. Plaintiff and the Putative Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

57. Plaintiff and the Putative Class are further entitled to recover their costs and attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment in favor of himself and the proposed Classes:

1. That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

2. That judgment be entered against FRITO-LAY and in favor of Plaintiff and Class members for statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

3. That judgment be entered against FRITO-LAY for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

4. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o; and

5. That the Court grant such other and further relief as may be just and proper.

11

FIRST AMENDED CLASS ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests and demands a jury trial on all issues triable by jury.

DATED: September 4, 2014

By: ___/s/ Devin H. Fok_____
THE LAW OFFICES OF DEVIN H. FOK
Devin H. Fok (SBN #256599)
devin@devinfoklaw.com
P.O. Box 7165
Alhambra, CA 91802-7165
Phone: (310) 430-9933
Fax: (323) 563-3445


A NEW WAY OF LIFE REENTRY PROJECT
Joshua E. Kim (SBN #257260)
joshua@anewwayoflife.org
11211 S. Western Ave.
Los Angeles, CA 90047
Phone: (323) 563-3575
Fax: (323) 563-3445

V. Andre Sherman, (SBN#54917)
GIRARDI KEESE
1126 Wilshire Blvd.
Los Angeles, CA 90017
Phone: (213) 977-0211
Fax: (213) 481-1554

# CERTIFICATE OF SERVICE

On September 4, 2014, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

DATED: September 4, 2014           THE LAW OFFICES OF DEVIN H. FOK

By: */s/ Devin H. Fok*
      Devin H. Fok

THE LAW OFFICES OF DEVIN H. FOK
Devin H. Fok (SBN #256599)
devin@devinfoklaw.com
P.O. Box 7165
Alhambra, CA 91802-7165
Phone: (310) 430-9933
Fax: (323) 563-3445

FIRST AMENDED CLASS ACTION COMPLAINT