**GIRARDI KEESE**
John A. Girardi, Esq. (SBN #54917)
    jgirardi@girardikeese.com
V. Andre Sherman, Esq. (SBN #198684)
    asherman@girardikeese.com
1126 Wilshire Blvd.
Los Angeles, CA 90017
Ph: (213) 977-0211
Fax: (213) 481-1554

Attorneys for Plaintiffs and the Proposed Class

[*Additional counsels on signature page*]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE, individually, and as a representatives of the class,<br><br>    Plaintiffs,<br><br>vs.<br><br>FRITO-LAY, INC.; and DOES 1-10 inclusive,<br><br>    Defendants. | CASE NO.: 3:14-CV-00751-HSG<br><br>**MOTION FOR PRELIMINARY APPROVAL**<br><br>Judge: Hon. Haywood Gilliam, Jr.<br>Courtroom: 15<br><br>Hearing Date: 11/19/15<br>Time: 2:00 P.M.<br>Location: Courtroom 15, San Francisco |

Now come the Plaintiffs, by and through counsel hereby move the Court pursuant to Federal Rule of Civil Procedure 23 for preliminary approval of the class settlement, certification of a class for the purposes of settlement, and approval of form and manner of notice. The Plaintiff seeks an Order:

1) Conditionally certifying a Settlement Class comprised of the Settlement Class Members;

2) Preliminarily approving the Settlement Agreement and Release;

3) Approving the proposed Notices of Class Action Settlement;

4) Certifying Plaintiff Jane Roe as Class Representatives;

5) Appointing Plaintiff's counsel as Class Counsel; and

6) Appointing a Settlement Administrator;

A memorandum in support is attached hereto and incorporated herein.

Respectfully submitted.

DATED: October 14, 2015        DEVIN H. FOK ESQ.
                               DHF LAW, P.C.

                               By: ___/s/ Devin H. Fok_____
                               Devin H. Fok
                               Attorney for Plaintiff

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 3

I. INTRODUCTION ................................................................................................................ 3

II. PLAINTIFF'S CLAIMS ..................................................................................................... 3

III. THE LITIGATION AND SETTLEMENT OF THE ACTION ......................................... 4

IV. THE PROPOSED SETTLEMENT ..................................................................................... 5

    A. Attorney's Fees and Expenses and an Incentive Award to the Class Representative ................................................................................................................ 6

    B. Settlement Claims Procedures and Opt-Out ...................................................... 7

V. THE SETTLEMENT CLASS SHOULD BE CERTIFIED ................................................ 7

    A. Rule 23(a) Requirements .................................................................................. 8

        a. Numerosity ................................................................................................. 8

        b. Commonality .............................................................................................. 9

        c. Typicality ................................................................................................... 10

        d. Adequacy of Representation .................................................................... 10

    B. Rule 23(b)(3) Requirements ........................................................................... 11

    C. The Proposed Settlement More Than Satisfies the Standard for Preliminary Approval ............................................................................................................. 12

        a. The Settlement Is the Product of Serious, Informed, Non-Collusive Negotiations ............................................................................................... 13

        b. The Settlement Has No Deficiencies ....................................................... 13

        c. The Settlement Does Not Grant Preferential Treatment .......................... 14

        d. The Settlement Is Adequate and Reasonable .......................................... 14

D. The Court Should Approve Dissemination of the Proposed Class Notice .... 15

VI. CONCLUSION ............................................................................................. 16

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Jane Roe, individually and on behalf of the Settlement Class seek preliminary approval of the proposed Settlement Agreement with Defendant Frito-Lay, Inc. ("Defendant" or "Frito-Lay"). The Settlement Agreement between Plaintiff and Defendant (collectively, the "parties"), if approved, will resolve all claims of the Plaintiffs and all members of the Class in exchange for Defendant's agreement to pay $259,000 into a common settlement fund.

The proposed settlement of this action is the product of hard-fought and lengthy arm's-length negotiations by experienced and informed counsel and warrants preliminary approval, as the terms are "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).

## II. PLAINTIFF'S CLAIMS

Plaintiff filed her case under a pseudonym, and if requested, will disclose her true name to this Court. She applied for employment with Frito-Lay, Inc. as a full time packer. She alleges, in her First Amended Class Action Complaint ("FAC") that she was denied employment by Defendant on the basis of an employment background report[1] that contained erroneous and derogatory information. FAC ¶¶28, 31.

Under the Fair Credit Reporting Act ("FCRA" 15 U.S.C. §1681 *et seq.*), whenever adverse action is contemplated in whole or in part basis of information disclosed in a consumer report, the "user" of the consumer report must provide pre-adverse action notice compliant with 15 U.S.C. §1681b(b)(3)(A). The notice mandated under this requirement is commonly referred to as "pre-adverse action notice." The idea behind this notice is to allow the consumer an opportunity to review

---

[1] They are defined as "consumer reports" under the FCRA. *See* 15 U.S.C. §1681a(d)(1)(B).

and dispute information in a consumer report before the employment opportunity is gone.

Courts have required pre-adverse action notice to be provided within a reasonable time *prior* to the taking of adverse action. Generally, adverse action cannot be taken unless a minimum of 5 business days have elapsed from the date a pre-adverse action notice is **received.** *Reardon v. ClosetMaid,* 2013 U.S. Dist.LEXIS 169821, *43 (W.D. Pa. Dec. 2, 2013) ("*Reardon*") citing H.R. Rep. 103-486 at 40 (1994) (a "reasonable period for the employee to respond to disputed information is not required to exceed 5 business days following the consumers' receipt of the consumer report from the employer.").

 Plaintiff alleges that rather than sending her a pre-adverse action notice, Defendant sent an adverse action notice indicating that her employment opportunity had been rejected. Defendant did not provide Plaintiff with any opportunity to review and dispute the inaccurate information disclosed in her report before Defendant took adverse action on the basis of the report. FAC ¶¶32, 33.

The primary remedy sought by Plaintiff on a class basis was a statutory damage award permitted between $100 to $1,000 upon proof of a willful FCRA violation. 15 U.S.C. §1681n.

### III. THE LITIGATION AND SETTLEMENT OF THE ACTION

Plaintiff initially filed her Class Action Complaint in Alameda County Superior Court (Superior Court Case Number: RG13707606) on December 20, 2013 alleging two causes of action: 1) violation of the FCRA, 15 U.S.C. §1681b(b)(3) for failing to provide preadverse action notice; and 2) violation of Cal. Lab. C. §432.7(a) for denying employment on the basis of records of arrests that did not result in conviction. Defendant removed the action to this Court on February 19, 2014.

Subsequent to the filing of the Original Complaint, the parties met and conferred regarding the legal sufficient of Plaintiff's allegations relating to California

1 Labor Code §432.7. After a lengthy discussion and exchange of legal authority, the parties filed a stipulation to file a First Amended Class Action Complaint ("FAC") omitting said state-law cause of action but leaving intact the FCRA cause of action. Docket# 18. On October 3, 2014, Defendant filed an Answer to Plaintiff's FAC.

In the meantime, the parties exchanged Rule 26(a) Disclosures and formal written discovery including the production of information related to Defendant's pre-adverse action notice procedures as well as the class size. The parties further exchanged informal discovery as well as legal authority on their respective positions.

On November 20, 2014, the parties participated in class-wide mediation with Mr. Mark S. Rudy of Rudy, Exelrod, Zieff & Lowe, LLP, an experienced and well-regarded mediator. After a full-day of mediation, the parties were unable to resolve the matter. Although this initial session was unsuccessful, the parties continued settlement discussions through Mr. Rudy. On or about February 2014, the parties reached a tentative settlement which culminated in a confidential memorandum of understanding.

A formal settlement agreement was executed on October 13, 2015.

## IV. THE PROPOSED SETTLEMENT

Following formal mediation and subsequent settlement arm's-length negotiations, and in light of the uncertain outcome and the risk of further litigation, including class certification, the parties reached the terms of the proposed settlement. Plaintiff seeks to certify a settlement class comprised of:

> All natural persons residing in the United States, who within five years prior to the filing of the action through the date of Preliminary Approval, were the subject of a consumer report prepared at the request of Frito-Lay for employment purposes, and who received a "flag" from LexisNexis.

Settlement Agreement, ¶II.G.

A "flag" in a LexisNexis consumer report alerts Defendant to the existence of adverse information such as the existence of criminal history prompting further

5

action. Anybody who did not receive a "flag" means that the report was free of adverse information and that he or she had successfully passed the background check.

Under the Settlement Agreement, Defendant shall contribute $259,000 to a Settlement Fund ("Gross Settlement Fund"), which will be distributed according to the terms of the Settlement Agreement as described below. Fok Decl., Settlement Agreement, ¶VIII.5, 6. The Settlement Fund is **Non-Reversionary** and any undistributed funds will be donated in *Cy Pres* to United Way. Settlement Agreement, ¶VIII.7.b.iii.

Every class member who returns a claim form will be entitled to a *pro rata* distribution from the settlement. The *pro rata* distribution will be made after payment of attorney's fees, expenses, Class Representative Incentive Award as approved by the Court, and Settlement Administration fees. Settlement Agreement, ¶VIII.7.b.i.

The claim form will have a check box for the class member to indicate whether he or she believes that adverse action was taken on the basis of information disclosed in a consumer report. Fok Decl., Settlement Agreement, Exhibit 2. If the box is checked and the form is return completed within the designated post mark date, the class member will be entitled to distribution.

### A. Attorney's Fees and Expenses and an Incentive Award to the Class Representative

The Settlement Agreement provides that Class Counsel may move for the Court to award attorney's fees and expenses to be paid from the Gross Settlement Fund. Fok Decl., Settlement Agreement, ¶VIII.6. The Fees Award is in an amount not to exceed 33% of the Settlement Fund or $85,470.00. This amount is less than the Plaintiff's counsel's lodestar.

Class Counsel may also seek reimbursement of costs not to exceed $10,000. Class Counsel may also petition this Court on behalf of the named Plaintiff an incentive award in an amount not to exceed $5,000.00. *Id.*

6

The Settlement Agreement further provides that Class Counsel may petition for reimbursement of reasonable class claim administration expenses. *Id.*

These items are to be deducted from the Settlement Fund prior to distribution to the class. *Id.*

### B. Settlement Claims Procedures and Opt-Out

Within 30 days from preliminary approval of this settlement, Defendant is to submit a "Class List and Data Report" showing each Plaintiff's name, most current mailing address and telephone number, and social security number.

Within 30 days after receipt of the "Class List and Data Report", the settlement administrator will issue notices attached as Exhibit 1 and 2, as well as any other jointly prepared notice packets to the Settlement Agreement via first class U.S. mail, postage prepaid to each member of the list. Fok Decl., Settlement Agreement, ¶VIII. 12.(d).(1).

Class members will have 30 days from the date of the mailing of the notice packet to submit claims or opt-out of or object to the settlement.

Additionally, the Settlement Administrator shall establish a website with the full text of the Settlement Agreement, the Notices for the two Funds, both in short and long form, Preliminary Approval and contact information for Settlement Class Counsel and the Settlement Administrator.

## V. THE SETTLEMENT CLASS SHOULD BE CERTIFIED

Rule 23 allows courts to conditionally or provisionally certify a class for purposes of effectuating a settlement. *In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liability Litig.,* 55 F.3d 768, 793-94 (3rd Cir. 1995); *White v. Experian Info. Solutions, Inc.*, 803 F. Supp.2d 1086, 1094 (C.D. Cal. 2011) ("Where, as here, 'the parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification

and the fairness of the settlement.'"). To certify a class, the court must find that the prerequisites of Rule 23(a) are met, and that the case falls within at least one of the categories listed in Rule 23(b). *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1022 (9th Cir. 1998); *Legge v. Nextel Communications, Inc.*, CV 02-8676-DSF (VNKX), 2004 WL 5235587, *1 (C.D. Cal. June 25, 2004). The same standards generally apply where certification is sought for settlement purposes only, although issues of manageability at trial are not relevant. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Both Rule 23(a) and Rule 23(b) are satisfied here.

### A. Rule 23(a) Requirements

Under Rule 23(a), one or more persons may sue as representative parties on behalf of a class if: 1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and 4) the representative parties will fairly and adequately protect the intersts of the class. Fed. R. Civ. P. 23(a).

#### a. Numerosity

A class action can only be maintained where "the class so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1); *Legge*, 2004 WL 5235587 at *4. But "[t]here is no absolute number at which joinder becomes impracticable. *Legge*, 2004 WL 5235587 at *4 (citing *Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 330, 100 S. Ct. 1698, 64 L.Ed.2d 319 (1980)).

Based on information disclosed in Defendant's responses through formal and informal discovery, there are approximately 3,142 class members between January 2012 through November 20, 2014.[2] Following other cases in this Circuit, the numerosity requirement is thus satisfied. *See, e.g., Jordan v. Los Angeles County*, 669 F.2d 1311, 1319 (9th Cir. 1982), *vacated and rem'd on other grounds*, 459 U.S. 810

---

[2] The parties will supplement this number prior to the court's hearing on this motion.

(1982) ("we would be inclined to find the numerosity requirement in the present case satisfied solely on the basis of the number of ascertained class members, *i.e.,* 39, 64 and 71"); *Ashmus v. Calderon*, 935 F.Supp. 1048, 1064 (N.D. Cal. 1996) (certifying a class of 52 members).

### b. Commonality

Under Rule 23(a)(2), a class must have sufficient commonality, which "requires the plaintiff to demonstrate that the class members have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551, 180 L.Ed. 2d 374 (2011) (quotation omitted). This requirement is construed "permissively." *Legge,* 2004 WL 5235587 at *5 (*citing Hanlon*, 150 F.3d at 1019). Commonality is evaluated as to whether the complaint truly "is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 131 S.Ct. at 2551.

"[C]ommonality is often found in consumer fraud and related actions where standardized documents and procedures are used. This is true for violations of FCRA and ECOA." *Legge,* 2004 WL 5235587 at *5 (citing *Clark v. Experian Info. Solutions, Inc.*, 2002 U.S.Dist.LEXIS 20410, *11 (D.S.C. June 26, 2002) common questions predominate in FCRA action, including whether a "particular practice or policy of writing credit reports" was reasonable.)). Here, every Class member's claim stems from Defendant's alleged failure to provide them with a pre-adverse action notice prior to taking adverse action based on a consumer report in violation of the FCRA. 15 U.S.C. §1681b(b)(3)(A).

Commonality has been found in two virtually identical cases including claims for failure to provide pre-adverse action notice. *Reardon v. Closetmaid Corp.,* 2011 U.S.Dist.LEXIS 45373, at *14 ("Here, there are numerous questions of law or fact common to the class. These include, but are not limited to….whether [defendant] relied on derogatory information in consumer reports to deny employment to the sub-

9

class members in violation of the FCRA…"); *Singleton*, 976 F.Supp.2d at 675 (finding common question of "whether [defendant] violated the FCRA by failing to provide employees with copies of their consumer reports and pre-adverse action notice").

### c. Typicality

For similar reasons, Named Plaintiff's representative claim satisfies the typicality requirement of Rule 23(a)(3). Typicality and commonality are similar and tend to merge. *Gen. Tel. Co. of Sw v. Falcon*, 457 U.S. 147, 157 n.13 (1982). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020; *accord Legge*, 2004 WL 5235587 at *8 ("As a result of the uniformity with which [Defendant] treated its customers, the Plaintiffs' experiences and claims in some ways are typical of those of the class."). In the instant case, Plaintiff contends that each Class Member had an adverse action taken against them based on their consumer report, and that Defendant failed to provide them with a pre-adverse action notice prior to taking adverse action in violation of the FCRA. Plaintiff's claims therefore are typical of the proposed class.

### d. Adequacy of Representation

To make a determination on adequacy, the Court must evaluate both the Named Plaintiffs and their counsel:

> Resolution of two questions determines legal adequacy: 1) do the named plaintiffs and their counsel have any conflicts of interests with other class members and 2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?

*Hanlon*, 150 F.3d at 1020.

All factors support certification here. There is no conflict of interest that would prevent Named Plaintiff or Class Counsel from representing the proposed Class, and Named Plaintiff and Class Counsel have vigorously pursued the Class's claims. Class Counsel are experienced class-action litigators who have successfully represented the Named Plaintiff and putative class in this litigation and settlement negotiations.

Information about the qualifications of Giradi Keese, the Law Offices of Devin H. Fok, and A New Way of Life are included in the declarations of John A. Girardi, Devin H. Fok, and Joshua E. Kim respectively.

### B. Rule 23(b)(3) Requirements

The Settlement contemplates provisional class certification under Rule 23(b)(3). If the elements of Rule 23(a) are satisfied, then a class action may be certified provided the court finds that certain other requirements under Rule 23(b)(3) are met: 1) questions of law or fact common to class members predominate over any questions affecting only individual members, and 2) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R.Civ. P. 23(b)(3); *Hanlon*, 150 F.3d at 1022.

The "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods.,* 521 U.S. at 623. Predominance is similar to, but "far more demanding" than the commonality requirement. *Id.* at 623-24. The predominance requirement is satisfied because common questions present a "significant portion of the case" that can be resolved for all Class members in a single adjudication. *See Gutierrez v. Wells Fargo Bank, N.A.,* 2008 W.L. 4279550, *14 (N.D. Cal. Sept. 11, 2008) (citing *Hanlon*, 150F.3d at 1019-22). As discussed in the commonality and typicality sections above, the most central issue in this litigation is common among all the prospective Class members and the Named Plaintiff. Moreover, it is Plaintiff's contention that the elements of these nearly identical claims could be shown at trial through common evidence regarding Defendant's alleged policies, procedures and practices for sending pre-adverse action notice.

Additionally, adjudicating the facts presented in this action on a class-wide basis would be superior to alternative methods of adjudication. "The superiority requirement is generally satisfied where there are 'multiple claims for relatively small

individual sums.'" *Legge*, 2004 WL 5235587 at *12 (quoting *Local Joint Exec. Bd. Of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir. 2001)). This is because "[w]ithout a class action, the costs of individual litigation as compared to the amount of damages may be prohibitively high," or "the individual plaintiffs' claims are so small that denying class certification would effectively preclude any recovery." *Id.* (recognizing that a class action may not only be the superior method of adjudication of multiple claims with small damages, but may be the only realistic means for class members to adjudicate their claims).

The interests of the Class would not be better served by prosecuting their claims individually. *See* Fed. R. Civ. P. 23(b)(3)(A)-(B). Indeed, a class action is only feasible means by which individual applicants can effectively challenge Defendant's conduct, given the relatively modest size of individual claims under the FCRA, which provides for statutory damages of only $100-1,000 per violation[3], and the vastly superior resources with which Defendant has to defend itself. It is therefore desirable to litigate the issues in this forum on a class-wide basis. *See id.*, at 23(b)(3)(C).

//
//
//
//
//

**C. The Proposed Settlement More Than Satisfies the Standard for**

---

[3] While the FCRA does provide for recovery of actual damages, 15 U.S.C. §1681o(a) (actual damages for negligent FCRA violation) and 1681n(a) (actual damages for willful FCRA violation), such damages may only be sought where the damage is result of the violation at issue. *See Caltabiano v. BSB Bank & Trust Co.*, 387 F.Supp.2d 135 (E.D.N.Y. 2005) (debtor suing credit agencies unable to recover actual damages where loan-rate increase was based on market rate rather than credit report). Class members who perceive they have actual damages as a result of failing to receive pre-adverse action notice may opt-out of the Settlement. This ability to opt-out has been held to sufficiently protect those class members in similar cases. *See Egge v. Healthspan Services Co.,* 208 F.R.D. 265, 272 (D. Minn. 2002) ("[defendant's] alleged concern that individual class members may be able to recover more in individual actions is adequately addressed by use of the Rule 23(b)(3) opt-out procedure.") (quotation omitted); *Macarz v. Transworld Systems, Inc.*, 193 F.R.D.46, 55 (D. Conn. 2000); *Weber v. Goodman*, 9 F.Supp.2d 163,170, 171 (E.D.N.Y. 1998) (deciding a class action in an FDCPA case where individual claims could hve resulted in recoveries of $1,000 per individual was superior even though the class members would receive no more than $2 in statutory damages for the defendant's FDCPA violation).

**Preliminary Approval**

The proposed Settlement Agreement in this case, which provides for a non-reversionary monetary recovery of $259,000 more than meets the standard for preliminary approval.

### a. The Settlement Is the Product of Serious, Informed, Non-Collusive Negotiations

As recounted above, the settlement in this case was the result of arm's-length negotiations facilitated by an experienced and well-respected mediator after substantial pre-mediation discovery. "An "initial presumption of fairness is usually involved if the settlement is recommended by class counsel after arm's-length bargaining." *Riker v. Gibbons*, 2010 WL 4366012, at *2 (D. Nev. Oct. 28, 2010); *see also Hanlon*, 150 F.3d at 1027 (affirming approval of settlement after finding "no evidence to suggest that the settlement was negotiated in haste or in the absence of information illuminating the value of plaintiff's claims."). In this case, the seriousness of the negotiations is made clear by the fact that it required a mediation session, and several more months of post-mediation negotiations to reach agreement. This fact illustrates that neither side was overly eager to compromise their position in this case.

### b. The Settlement Has No Deficiencies

First, notice will be sent to all consumers during the class period on whom a "flag" was disclosed in their employment consumer reports. A "flag" in a LexisNexis consumer report alerts Defendant to the existence of adverse information (*e.g.*, criminal history) prompting further action. This encompasses the entire universe of consumers upon whom pre-adverse action notice is required under the FCRA, 15 U.S.C. §1681b(b)(3).

Although many of the individuals with "flags" on their consumer reports are ultimately hired (Defendant estimates a failure or no-hire rate of 39.01%), all consumers who were subject to a "flag" on their report will receive class notice. All consumers who check the box on the claim form indicating that they were not hired

13

because of their consumer report under the penalty of perjury and timely return the completed form will receive recovery. The claim form is not unduly burdensome as no additional documentation or evidence is required. *See* Settlement Agreement, Ex. 2. The only additional information required is for consumers to put in their current contact information and the last four digits of their social security number as verification.

The totality of the settlement will be paid out; there is no reversion to the Defendant. All deductions from the settlement fund, such as attorney's fees, settlement administration expenses; and Named Plaintiff service awards require judicial approval, and the settlement is not contingent upon approval of the requested amounts.

### c. The Settlement Does Not Grant Preferential Treatment

Preferential treatment is not a concern in this case. The settlement class is for the certification of a single class, with no sub-classes. Every class member will be treated equally, and have an equal opportunity to claim a share of the settlement fund. The settlement does call for a service award for the Named Plaintiff, but the award is subject to the Court's review and approval. Furthermore, the Ninth Circuit has recognized that service awards to named plaintiffs in a class action are permissible and do not render a settlement unfair or unreasonable. *See Stanton v. Boeing Co.,* 327 F.3d 938, 977 (9th Cir. 2003); *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-69 (9th Cir. 2009).

### d. The Settlement Is Adequate and Reasonable

While the exact amount that each class member will recover is unknown until the number of claims filed is determined, the gross settlement amount of $259,000 is substantial, and class members filing claims are likely to recover a substantial portion of what they could have recovered in litigation.

For a vast majority of the consumers, the adverse consumer report information that formed the basis of the "flags" were accurate. Therefore, Frito-Lay would have

14

been justified in denying employment. In litigation, the consumers whose reports contain accurate adverse information will not be able to recover any actual damages outside of the $100 to $1,000 statutory penalties.

Generally, a claim-in rate for FCRA cases is approximately 15%. If a similar rate is achieved in this case, the payout to claiming class members would likely to exceed $100. In circumstances such as this, where a settlement fund is calculated to pay out in its entirety, and where claiming class members are likely to receive a good result, a settlement should be approved. *Gallucci v. Gonzales*, 12-57081 (9th Cir., Feb. 24, 2015) (unpublished) (overruling objection to claims-made settlement when "the Settlement's $5 million common fund was intended to be – and by all accounts, is in fact – more than adequate to compensate all class members who submitted refund claims.").

Moreover, the statutory penalty of $100 to $1,000 is available only if Plaintiff can establish willful violation of the FCRA. 15 U.S.C. §1681n(a)(1)(A). If the Defendant's violation was at most negligent, recovery is limited to actual damages. *See* 15 U.S.C. §1681o(a)(1). In addition, the propriety of statutory penalties including the statutory penalty under the FCRA has been subject to numerous attacks. Recently, the United States Supreme Court granted *certiori* in *Spokeo, Inc. v. Robins,* No.13-1339, 2015 WL 1879778, at *1 (U.S. Apr. 27, 2015) to decide on whether a plaintiff may maintain standing in federal court based on a statutory violation authorizing statutory penalties alone and without actual damages.

Viewed in the context of the litigation risks faced, as well as the substantial delay, and costs that class members would have experienced in order to receive proceeds from an adversarially-obtained judgment, not to mention the judicial resources required, this settlement is in the best interests of the Plaintiff and the Settlement Class members, and should be approved.

**D.** **The Court Should Approve Dissemination of the Proposed Class Notice**

With this motion, Plaintiffs have provided two forms of proposed class notice all to be sent by first class mail. Fok Decl., Settlement, Ex. 1 and 2. These proposed notices include all of the information required by Fed. R. Civ. P. 23(c)(2)(B). The Long Form Notice contains details about the definition of the Class, the proposed Class Counsel, the size of the settlement fund, the methodology for opting out of or objecting to the settlement, the potential size of Plaintiff's request for attorney's fees, expenses, and class representative incentive awards, and the date and location of the final approval hearing. This notice program exceeds the requirements of Fed. R. Civ. P. 23, and should be approved.

## VI.  CONCLUSION

Based on the foregoing, Plaintiffs respectfully request this Court to grant approval to the proposed settlement.

DATED: October 14, 2015                **DHF LAW, P.C.**

By: ___/s/ Devin H. Fok_____
    Devin H. Fok
    Attorney for Plaintiff

    234 E. Colorado Blvd. Floor 8
    Pasadena, CA 91101
    Ph: (888) 651-6411
    Fax: (818) 484-2023
    Email devin@devinfoklaw.com

16

**E-FILING ATTESTATION**

By his signature below, counsel for Plaintiff attests that he has on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/s/) within this e-filed document and any document e-filed concurrently herewith.

DATED: October 14, 2015                                **DHF LAW, P.C.**

By: ___/s/ Devin H. Fok_____
    Devin H. Fok
    Attorney for Plaintiff

    234 E. Colorado Blvd. Floor 8
    Pasadena, CA 91101
    Ph: (888) 651-6411
    Fax: (818) 484-2023
    Email devin@devinfoklaw.com