UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE,<br><br>        Plaintiff,<br><br>    v.<br><br>FRITO-LAY, INC.,<br><br>        Defendant. | Case No. 14-cv-00751-HSG  (KAW)<br><br>**ORDER REGARDING 2/22/16 JOINT DISCOVERY LETTERS; ORDER TO SHOW CAUSE**<br><br>Re: Dkt. Nos. 75 & 76 |

On January 27, 2016, Plaintiff Jane Roe filed a discovery letter brief, because Defendant Frito-Lay did not participate in the drafting of the letter. (Letter, Dkt. No. 68 at 1.) The letter related to allegedly deficient discovery responses served in October 2014. *Id.* On February 8, 2016, the undersigned terminated the letter, and ordered the parties to meet and confer. (Dkt. No. 70.) The parties were then directed to file joint letters that comply with the Court's standing order should they be unable to resolve any remaining disputes without court intervention. *Id.*

On February 22, 2016, the parties filed two, separate joint letters regarding Defendant's deficient responses to discovery.[1] The first letter concerns Defendant's responses to Plaintiff's Special Interrogatory Nos. 5, 6, 8-10, and 20.[2] (Joint Letter #1, Dkt. No. 75.) The second letter concerns Defendant's responses to Plaintiff's Requests for Production of Documents Nos. 6, 14-16, 18-20, 23-25. (Joint Letter #2, Dkt. No. 76.)

On March 1, 2016, the Court held a telephonic phone conference with the parties.

---

[1] The parties are admonished for their failure to lodge chambers copies of the joint letters as required by Civil L.R. 5-1(e)(7). (*See* Judge Westmore's General Standing Order ¶ 4.)
[2] The parties included Interrogatory Nos. 21 and 23 in the letter, even though they appear to have resolved any disputes pertaining to those requests. (Joint Letter #1 at 3.) Since these issues have been resolved, the Court will not address them, but expects Defendant to fully respond as agreed without undue delay.

## DISCOVERY LETTERS

The Court's standing order requires that a joint discovery letter contain, "[w]ith respect to each issue relating to the unresolved dispute, a detailed summary of each party's final substantive position and their final proposed compromise on each issue, including relevant legal authority." (*See* Judge Westmore's General Standing Order ¶ 13(c).)  Here, instead of addressing each unresolved dispute, Defendant provided the same boilerplate "position" for every disputed request: "Plaintiff has requested several different figures that would need to come from multiple different sources, and Defendant is diligently working to ascertain precisely which portion of this information is available or ascertainable, and will supplement its responses as soon as practicable." (*See, e.g.,* Joint Letter #1 at 1.)  This is not responsive to the individual requests at issue nor does the rote response provide Defendant's rationale for why it did not fully respond to Plaintiff's narrowed requests, i.e. why it continues to dispute the relevancy, breadth or meaning of the discovery requests in dispute, which directly violates the Court's standing order.

In addition, Defendant's boilerplate responses to the requests for production of documents directly contravene the Court's standing order, which states:

> In responding to requests for documents and materials under Fed. R. Civ. P. 34, all parties shall affirmatively state, in a written response served on all other parties, the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced all such materials so described that are locatable after a diligent search of all locations at which such materials might plausibly exist. **It shall not be sufficient to object and/or to state that "responsive" materials will be or have been produced.**

(Judge Westmore's General Standing Order ¶ 14)(emphasis added).  Here, Defendant represents that it is still searching for documents and will supplement "as soon as practicable."  This is woefully deficient.  There is no indication that Defendant has undertaken a diligent search, as required by the federal rules, and Defendant cannot satisfy its discovery obligations by promising to provide the information on a date uncertain.  Furthermore, Defendant's apparent refusal to furnish a privilege log is indefensible.[3]  (Joint Letter #2 at 5.)

---

[3] Defendant does not address the privilege log issue, because it opted for the same, deficient boilerplate response. Thus, the Court assumes that Defendant refused to furnish a privilege log.

On the merits, the Court finds that all of the disputed interrogatories and requests for production of documents are relevant and reasonable as narrowed in scope by Plaintiff as set forth in the joint letters.  Accordingly, Defendant is ordered to supplement its responses to Special Interrogatory Nos. 5, 6, 8-10, and 20, and Requests for Production of Documents Nos. 6, 14-16, 18-20, 23-25, on or before March 11, 2016.  Specifically, in supplementing its responses to the requests for production of documents, Defendant shall produce all responsive, non-privileged documents by that date, and, if applicable, a privilege log for any documents it believes are justifiably withheld. (Judge Westmore's General Standing Order ¶ 20).

IT IS SO ORDERED.

Dated: March 1, 2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge