UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE,<br>            Plaintiff,<br>   v.<br>FRITO-LAY, INC.,<br>            Defendant. | Case No. 14-cv-00751-HSG (KAW)<br><br>**ORDER REGARDING 4/18/16 JOINT LETTER RE: POTENTIAL FENTON DEPOSITION**<br><br>Re: Dkt. No. 83 |

On April 18, 2016, the parties filed a joint discovery letter regarding whether Matthew Fenton, Defendant Frito-Lay's employee, should have to undergo a deposition even though he has no recollection of interviewing Plaintiff. (Joint Letter, Dkt. No. 83.)

## I.   BACKGROUND

Plaintiff Jane Roe (a.k.a. Tanya Gippson) applied for a full-time packer position at Frito-Lay's Modesto plant in late-2011. (Employment Application, Decl. of Matthew Fenton, "Fenton Decl.," Dkt. No. 83-1, Ex. B at 5-7.) According to her personnel file, Plaintiff underwent a "Structured Interview" on December 15, 2011, which she passed. (2011 Application Checklist - Modesto, Fenton Decl., Ex. B at 4.) The next step on the Application Checklist is a background check, which was requested on January 10, 2012. *Id.* The background check was reviewed for discrepancies on January 23, 2012, which Plaintiff failed. *Id.* The next step on the Checklist is the "Leadership Interview," which was conducted by Matthew Fenton on December 27, 2011. (Fenton Decl., Ex. A at 32.) Mr. Fenton's notes indicate that Plaintiff failed the interview. *Id.* Notwithstanding the alleged failure, a criminal background check was performed two weeks later. (*See* 2011 Application Checklist at 4.)

///

## II. DISCUSSION

The parties do not dispute the relevance of Mr. Fenton's testimony to determine why Plaintiff was not hired. (Joint Letter at 1.) Rather, Defendant contends that since Mr. Fenton has no recollection of Plaintiff or her interview, even after reviewing his Leadership Interview notes and her file, and has signed a sworn declaration to that effect, that the cost and time relating to his deposition would be unduly burdensome in relation to the relevance of his testimony. (Joint Letter at 2.)

Plaintiff contends that while "Mr. Fenton presently lacks specific recollection regarding his experience with Plaintiff, the evidence produced to date raises genuine questions about the regularity of the 'Leadership Interview' process conducted by Mr. Fenton and its weight in Defendant's hiring process." (Joint Letter at 4.) Therefore, the deposition is "relevant to determining whether Plaintiff's alleged failure of [the] 'Leadership Interview' has any bearing on the typicality of her claims in this case." *Id.* Plaintiff also intends to question Mr. Fenton regarding the interview process in general, "in order to assess the evidentiary weight of the document purporting to establish that Plaintiff was denied employment on the basis of her interview with Mr. Fenton." *Id.* Plaintiff argues that deposition is the most efficient means of eliciting this information, because a series of written questioning could take months of back-and-forth communications. *Id.*

Defendant's Application Checklist outlines the series of steps in the interview process. If the Checklist is sequential, the Leadership Interview comes after the Background Check. Here, however, temporally, Mr. Fenton interviewed Plaintiff weeks before the criminal background check was requested. Mr. Fenton should have to explain, at least generally, under what circumstances a background check would be requested for an applicant who failed the Leadership Interview. Furthermore, the Court agrees that these questions are best answered by way of deposition, especially in light of the impending discovery cut-off.

While surely taking Mr. Fenton's deposition imposes some burden on Defendant, it has failed to specify how the burden outweighs the relevancy beyond Mr. Fenton's failure to remember Plaintiff individually. This is a putative class action, so his general knowledge of the

1  interview process, gained from conducting approximately 150 interviews during his six years as
2  Supply Chain Director at Frito-Lay, is surely relevant as well. (*See* Fenton Decl. ¶ 5.)
3        Accordingly, Defendant's request to enjoin Mr. Fenton's deposition is denied, and Plaintiff
4  is permitted to take the deposition of Mr. Fenton.  The parties shall meet and confer regarding
5  scheduling, and any requests to continue any discovery deadlines should be directed to the
6  presiding judge.
7        IT IS SO ORDERED.
8  Dated: April 25, 2016

KANDIS A. WESTMORE
United States Magistrate Judge

3