UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE,<br>    Plaintiff,<br>v.<br>FRITO-LAY, INC.,<br>    Defendant. | Case No. 14-cv-00751-HSG (KAW)<br><br>**ORDER REGARDING 4/18/16 JOINT LETTER RE: 30(B)(6) DEPOSITION AND ADDITIONAL INTERROGATORIES**<br><br>Re: Dkt. No. 82 |

On April 18, 2016, the parties filed a joint discovery letter regarding whether Plaintiff Jane Roe may propound two additional interrogatories and depose Lauren McEntire as a corporate witness. (Joint Letter, Dkt. No. 82.)

For the reasons set forth below, the Court orders Defendant Frito-Lay, Inc. to produce a corporate witness under Federal Rule of Civil Procedure 30(b)(6),[1] and DENIES Plaintiff's request to propound Special Interrogatory Nos. 26 and 27.

### I.   BACKGROUND

On March 2, 2016, during the deposition of one of Defendant Frito-Lay's employees, Plaintiff first became aware that Defendant may have destroyed paper copies of application files belonging to putative class members other than Plaintiff. (Joint Letter at 3.) On March 3, 2016, Lauren McEntire testified at a deposition as Frito-Lay's corporate witness on the following topics: "(1) basis for Defendant's assertion that there are 8,482 in the putative class; (2) Defendant's database system(s) relating to applicants background-checked by Defendant and not hired; (3) Defendant's instructions to local facilities regarding hiring processes; (4) Defendant's hiring

---

[1] Plaintiff erroneously requests leave of court to depose Defendant's designated corporate witness. Leave of court is not required, because Rule 30(a)(2)(A)(ii)—which requires leave if the person has already undergone deposition in the case—applies only to individual witnesses. It does not apply to witnesses designated by an organizational entity under Rule 30(b)(6).

1  processes; and (5) Defendant's contract with consumer reporting agencies." (Joint Letter at 4.)
2  During Ms. McEntire's deposition, Plaintiff learned for the first time that Defendant had no
3  relevant electronic records for a sizeable number (21.4%) of individuals potentially meeting the
4  operative class definition, because Frito-Lay had no centralized, electronic tracking system for its
5  applicants prior to February 2014. (Joint Letter at 3, 5, Ex. 3.)

6  On March 24, 2016, Plaintiff noticed another 30(b)(6) deposition for Frito-Lay's person
7  most knowledgeable regarding its document retention policy, any litigation holds issued in the
8  present case, and evidence preservation. (Joint Letter, Ex. 2.) On March 29, 2016, Defendant
9  designated Ms. McEntire as the corporate witness for those topics. (Joint Letter at 2.) The parties
10 engaged in meet and confer efforts regarding the necessity of the deposition and whether
11 additional interrogatories would suffice, but they could not resolve the dispute without court
12 intervention. The instant joint letter was filed on April 18, 2016.

## II. DISCUSSION

Plaintiff seeks leave to conduct a second Rule 30(b)(6) deposition of corporate witness Lauren McEntire on different topics, as well as leave to propound two additional interrogatories.

### A. Deposition of Ms. McEntire may go forward

Plaintiff seeks to depose Defendant's corporate witness(es) regarding its document retention policy and litigation holds issued in the present case. (Joint Letter at 3.) The corporate witness identified by Defendant, Lauren McEntire, had previously been deposed as Defendant's corporate witness on topics related to Defendant's efforts to ascertain the class size, Defendant's hiring processes, and Defendant's contracts with consumer reporting agencies. *Id.*

Defendant does not dispute that, generally, a corporate witness may be deposed more than once if she is designated as the 30(b)(6) witness on multiple topics. (Joint Letter at 3.) Instead, Defendant argues that Plaintiff appears to be engaging in bad faith discovery given that there is a binding settlement agreement. (Joint Letter at 4.) The undersigned notes, however, that the district court set case management deadlines and a December 2016 trial date at the January 5, 2016 case management conference after Plaintiff orally withdrew her motion for preliminary approval of the class action settlement. (Minute Entry, Dkt. No. 66; 1/5/16 FTR 2:22-23.) Furthermore, to date,

2

1  Defendant has not filed a motion to enforce the settlement, despite informing the district court that
2  it would do so if the motion for preliminary approval was withdrawn. (1/5/16 FTR 2:24, 2:27.)
3  Thus, the existence of a signed settlement agreement does not persuade the undersigned to deny
4  Plaintiff the opportunity to depose a corporate witness on the noticed topics.

5  Defendant also objects to producing Ms. McEntire for a second time after her first
6  deposition was limited to one day. (Joint Letter at 4.)  Defendant argues that Plaintiff could have
7  confirmed at that time whether she would be the appropriate person to ask about records retention
8  but counsel did not inquire. *Id.*  Plaintiff contends that she had no reason to believe that Ms.
9  McEntire would have been prepared or qualified to answer questions regarding Defendant's
10 document retention policy and litigation holds issued in this case. *Id.* Plaintiff also argues that this
11 information is necessary to determine whether Defendant failed to maintain the evidence relevant
12 to establish the membership of more than 60% of potential class members. *Id.* at 3-4.

13 Defendant's argument is unavailing.  Rule 30(b)(6) depositions are different from
14 depositions of individuals. Specifically, an organization may designate multiple witnesses for the
15 topics noticed in a single Rule 30(b)(6) deposition. Fed. R. Civ. P. 30(b)(6).  That Ms. McEntire is
16 the designated corporate witness for a second time is of no significance, because Frito-Lay could
17 have designated anyone.  To allow a designated corporate witness a proverbial "get out of jail
18 free" card, because she has already testified as a corporate witness on other topics, would only
19 serve to encourage abuses of the discovery process, including false designations.

20 Thus, the second noticed 30(b)(6) deposition is proper, as the topics are not "unreasonably
21 cumulative or duplicative." *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Accordingly, Defendant is ordered
22 to produce Lauren McEntire on the deposition topics noticed in Exhibit 2.

**B.    Plaintiff may not propound additional interrogatories.**

24 Plaintiff also seeks to propound two additional special interrogatories. Plaintiff had
25 previously exhausted the number of written interrogatories under Federal Rule of Civil Procedure
26 33(a)(1). (Joint Letter at 3.) Defendant agreed to answer one of the two additional interrogatories
27 in lieu of deposing Ms. McEntire on the newly-noticed topics. *Id.*

28 Pursuant to Federal Rule of Civil Procedure 33, a party is permitted to propound 25 written

1  interrogatories without leave of court. Fed. R. Civ. P. 33(a)(1). "Leave to serve additional
2  interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." *Id.* Rule
3  26(b)(1), effective December 1, 2015, permits the discovery of

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The Court may alter the number of interrogatories by court order. Fed. R. Civ. P. 26(b)(2)(A).

Here, Plaintiff bears the burden to show that the information she expects to obtain by propounding the additional interrogatories is proportional to the needs of the case, the parties' relative resources, and other Rule 26(b)(1) factors. She fails to address these factors as they pertain to the requested interrogatories, and, therefore, has not met her burden. Moreover, the topics of the interrogatories can be addressed at Ms. McEntire's deposition. Accordingly, Plaintiff's request for leave to propound Special Interrogatory Nos. 26 and 27 is denied.

### C. Parties' request to continue deadlines

Finally, the parties request that the undersigned continue the deadlines to complete class discovery, fact discovery, and the last day to hear the class certification motion. These deadlines, however, are within the purview of the presiding judge, who, the Court notes, recently denied the parties stipulation to continue deadlines. (*See* Dkt. No. 81.) Accordingly, the undersigned declines to extend any case deadlines, as all such requests should be directed to the presiding judge.

### III. CONCLUSION

In light of the foregoing, Plaintiff's request to propound additional interrogatories is DENIED. Defendant is ORDERED to produce Lauren McEntire for deposition on the noticed topics. The parties shall meet and confer regarding the scheduling of Ms. McEntire's deposition.

IT IS SO ORDERED.

Dated: April 26, 2016

KANDIS A. WESTMORE
United States Magistrate Judge

4