**DHF LAW, P.C.**
Devin H. Fok, Esq. (SBN #256599)
devin@devinfoklaw.com
234 E. Colorado Blvd., 8th Floor
Pasadena, CA 91101
Ph: (888) 651-6411
Fax: (818) 484-2023

Attorneys for Plaintiffs and the Proposed Class

[*Additional counsels on signature page*]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE, individually, and as a representatives of the class,<br><br>        Plaintiffs,<br>  vs.<br><br>FRITO-LAY, INC.; and DOES 1-10 inclusive,<br>        Defendants. | CASE NO.: 3:14-CV-00751-HSG<br><br>**DECLARATION OF DEVIN H. FOK IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL**<br><br>Judge: Hon. Haywood Gilliam, Jr.<br>Courtroom: 15<br><br>Hearing Date: July 28, 2016<br>Time: 2:00 P.M.<br>Location: Courtroom 15, San Francisco |

## **DECLARATION OF DEVIN H. FOK IN SUPPORT**

I, DEVIN H. FOK, declare:

    1.   I am one of the lead counsels of record for Plaintiff Jane Roe. I make this Declaration in support of Plaintiffs' Motion for Preliminary Approval. I am over 21 years of age, of sound mind, capable of executing this Declaration, and have personal knowledge of the facts stated herein, and they are all true and correct.

# EXPERIENCE AND QUALIFICATIONS

2. I am the owner and proprietor of Law Offices of Devin H. Fok now d.b.a. DHF Law, P.C., and I am a graduate of the University of California Los Angeles School of Law.

3. My practice relates exclusively to background check issues including violations arising out of: 1) the Fair Credit Reporting Act ("FCRA" 15 U.S.C. § 1681 *et seq.*); 2) its California state equivalent, the California Investigative Consumer Reporting Agencies Act ("ICRAA" Cal. Civ. C. § 1786 *et seq.*); 3) the California Consumer Credit Reporting Agencies Act ("CCRAA" Cal. Civ. C. §1785.2 *et seq.*)); and 4) California Labor Code.

4. I am an attorney in good standing with the California State Bar and have been admitted to practice in the Supreme Court of California as well as various federal courts including the United States District Courts in the Northern, Central, and Southern Districts as well as the Ninth Circuit Court of Appeals.

5. Following my graduation from Law School in 2007, I was hired as an associate at Girardi & Keese, one of the most prestigious consumer law firms in Southern California. I litigated many plaintiff-side individual actions to resolution with an extremely high success rate. I started my current practice in 2011 prosecuting exclusive FCRA individual and class actions. My office currently represents consumers across the country in no less than ten pending class actions for violations of the FCRA as well as additional class cases that have yet to be filed and/or resolved.

6. For example, recently, I was appointed as class counsel in *Roe v. Intellicorp Records, Inc.*, Case No. 1:12-CV-02288-JG (N.D. Ohio 2012) and was part of a team that was instrumental in reaching a $18.6 million settlement which represented one of the largest class action settlements in the history of the FCRA.

7. I was counsel in *Dowell v. General Information Services, Inc.,* 2:14-cv-03412-PBT (E.D. Pa 2012), subsequently consolidated with *King v. General Information Services, Inc.*; 2:10-cv-06850-PBT where final class approval has been granted and my attorney's fees approved.

8. In *Smith v. Harbor Freight Tools USA, Inc.*, Case No. 2:13-cv-06262-JFW (C.D. Ca 2013), an action involving the employer's failure to provide pre-adverse action notice under §1681b(b)(3) as well as defective notification forms under §1681b(b)(2) where the case was ultimately resolved in a class-wide basis. I was approved as class-counsel.

9. In *Watkins v. HireRight, Inc.*, Case No. 3:13-cv-01432-MMA-BLM (C.D. Ca 2013), I am one of the attorneys litigating a class action against the second largest background check company in the country for its role in adjudicating consumers as ineligible for employment on grounds that violate state equal employment opportunity rules and regulations as well as its failure to provide consumers with full file disclosures as required under 15 U.S.C. §1681g. Preliminary approval was granted and I was designated class counsel along with my colleagues.

10. I am also one of the lead attorneys in *Moran v. The Screening Pros, LLC.,* No. 12-57246 (9th Cir.), a case in which the Consumer Financial Protection Bureau ("CFPB") joined by the Federal Trade Commission ("FTC") submitted amicus curiae brief relating to an issue of first impression under the FCRA having to do with criminal background checks.

11. I have also actively worked with the U.S. Office of Federal Contract Compliance Programs ("OFCCP") along with the United States Equal Employment Opportunity Commission ("EEOC") to investigate and prosecute Title VII violations in connection with the denial and termination of employment to consumers with criminal records.

12. I have spoken in numerous professional contexts on legal issues relating to employment background checks, including the following topics: 1) EEOC enforcement guidance on the consideration of arrest and conviction records in employment decisions under Title VII of the Civil Rights Act; 2) California's restriction on the use of credit reports by employers; and 3) employer compliance requirements for the procurement and use of background check reports. I have presented in front of the California Orange County Bar Association Labor and Employment Section and I also presented to numerous California non-profits at the 2012 Annual Reentry Legal Symposium.

13. Recently, I was also included in the 2015 and 2016 Rising Stars list by the Super Lawyer magazine for the work that I have done in the area of the FCRA as well as the ICRAA.

## **FACTS PERTAINING TO THIS LITIGATION**

14. I was intimately involved in every step of this litigation including drafting of the complaint and participated in mediation of the first settlement.

15. I have made every appearance in this litigation as lead trial counsel.

16. Following the dispute of the class, I have drafted various written discovery as well as taking the deposition of Defendant's human resource manager, Ms. Susan Reyes, whose testimony served the factual basis for a significant portion of Plaintiff's claim.

17. I have thoroughly analyzed Defendant's discovery responses as well as the hundreds of thousands of lines of data produced in this litigation as well as the drafting of the formal motion for class certification and this motion for preliminary approval.

18. In total, I have spent hundreds of attorney hours on this case. The combine lode star of my hours as well as my colleague's hours have already exceeded the agreed upon amount in the Settlement Agreement and will continue to increase in connection with achieving preliminary and final approval and monitoring the settlement administration.

19. Accordingly, based on my experience as well as involvement in this litigation, I respectfully request this Court to appoint me as settlement class counsel.

20. After soliciting multiple proposals from various experienced third-party settlement administrators, Plaintiff has selected Rust Consulting to administer this settlement.

21. As settlement administrator, Rust Consulting will be responsible for verification of the class members' mailing address including skip-tracing if necessary. Rust Consulting will also be responsible for receiving and determining the validity of opt-out requests, and objections, creating and maintaining the settlement website, and creating and staffing a toll-free telephone line which class members can call with questions about the settlement.

22. Rust Consulting will also be responsible for issuing checks to class members including a second distribution of uncashed checks.

23. The Named Plaintiff has been actively involved in this ligation. She provided documents to counsel to aid in the investigation and draft of the pleadings, she reviewed the pleadings prior to filing, and has been in consistent contact with counsel since the inception of the case.

24. The Named Plaintiff has also rejected multiple settlement offers made to her personally for the benefit of the class.

25. She thoroughly reviewed the Settlement Agreement as well and engaged Mr. Joshua E. Kim and I regarding questions about the agreement as well as the benefit to the class.

26. She has demonstrated an understanding of what it means to be a class representative and has and will continue to put the interests of the class first in making all decisions related to this case.

27. Plaintiff reviewed, approved of, and signed the Settlement Agreement.

## AUTHENTICATION OF EXHIBITS

1. Attached hereto as Exhibit 1 is a true and correct copy of the letter sent to Plaintiff and produced by Frito-Lay in connection with its Rule 26 disclosures.

2. Attached hereto as Exhibit 2 is a true and correct copy of the documents produced in response to Plaintiff's Request for Production Set 2.

3. Attached hereto as Exhibit 3 is a true and correct copy of the documents produced in response to Plaintiff's Request for Production Set 2.

4. Attached hereto as Exhibit 4 is a true and correct copy of the Class Settlement Agreement agreed to by the parties.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed June 23, 2016 at Pasadena, California.

June 23, 2016                    /s/ Devin H. Fok_____
                                 Declarant, Devin H. Fok