THE LAW OFFICES OF DEVIN H. FOK
DEVIN H. FOK, Cal. Bar No. 256599
234 E. Colorado Blvd., 8th Floor
Pasadena, California 91101
Telephone: 310-430-9933; Facsimile: 818-484-2023
devin@devinfoklaw.com

A NEW WAY OF LIFE REENTRY PROJECT
JOSHUA KIM, Cal. Bar No. 257260
9512 S. Central Boulevard
Los Angeles, California 90002
Telephone: 323-563-3575; Facsimile: 323-563-3445
joshua@anewwayoflife.org

GIRARDI KEESE
V. ANDRE SHERMAN, Cal. Bar No. 198684
1126 Wilshire Boulevard
Los Angeles, California 90017
Telephone: 213-977-0211; Facsimile: 213-481-1554
asherman@girardikeese.com

Attorneys for Plaintiff JANE ROE and
the Proposed Class

SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
SAMANTHA D. HARDY, Cal. Bar No. 199125
ASHLEY T. HIRANO, Cal. Bar No. 265282
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone: 619-338-6500; Facsimile: 619-234-3815
shardy@sheppardmullin.com; ahirano@sheppardmullin.com

Attorneys for Defendant FRITO-LAY, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| JANE ROE, | Case No. 3:14-CV-00751 HSG |
|---|---|
| Plaintiff, | **STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS** |
| v. | |
| FRITO-LAY, INC., a foreign corporation doing business in California, and DOES 1 through 10, inclusive, | Hearing Date: July 28, 2016<br>Hearing Time: 2:00 p.m.<br>Judge: Hon. Haywood Gilliam, Jr.<br>Courtroom: 15 |
| Defendants. | Trial Date: December 12, 2016<br>Complaint Filed: December 20, 2013 |

# TABLE OF CONTENTS

Page

I.     Settlement Agreement ..................................................................... 1

II.    Definitions ....................................................................................... 1

III.   Background and Procedural History .............................................. 4

IV.    Investigation in the Class Action .................................................. 5

V.     Benefits of Settlement to Class Members ..................................... 7

VI.    Frito-Lay's Reasons for Settlement .............................................. 7

VII.   Frito-Lay's Denials of Wrongdoing ............................................. 7

VIII.  Plaintiffs' Claims .......................................................................... 8

       1.    "Effective Date" ..................................................................... 8

       2.    Class Certification .................................................................. 9

       3.    Releases. ................................................................................ 10

             (a)    Release As To All Class Members ................................ 10

             (b)    General Release By Named Plaintiff Only .................... 12

       4.    Allocation of Settlement Fund ............................................... 13

       5.    Plan of Allocation for Payment to Settlement Class Members ........... 14

       6.    Fees Award, Costs Award, and Incentive Award ................... 16

       7.    Responsibilities of Frito-Lay.  Frito-Lay shall: ................... 17

       8.    Operation of the Settlement Fund. ........................................ 18

       9.    No Injunctive Relief ............................................................. 19

       10.   Notice/Approval of Settlement and Settlement Implementation ......... 19

             (a)    CAFA Notice .................................................................. 19

             (b)    Preliminary Settlement Hearing .................................... 20

             (c)    Preliminary Approval Order .......................................... 20

             (d)    Notice to Plaintiffs ........................................................ 20

                    (1)    Settlement Administrator .................................... 20

                    (1)    Statement of Costs for the Notice Procedure .... 21

- i -

STIPULATION AND SETTLEMENT AGREEMENT OF
CLASS ACTION CLAIMS

(2)   Notice By First-Class Mail ................................................ 21

(e)   Procedure for Payment of Settlement Awards .......................... 22

(f)   Procedure for Objecting to or Requesting Exclusion From Class Action Settlement. ....................................................... 23

(1)   Procedure for Objecting ...................................... 23

(2)   Procedure for Requesting Exclusion ................................ 23

(g)   No Solicitation of Settlement Objections or Exclusions .......... 24

(h)   Option to Terminate Settlement ............................................ 25

(i)   Final Settlement Approval Hearing and Entry of Final Judgment ....................................................................... 25

(j)   Administration Costs ............................................................ 26

(k)   Nullification of Settlement Agreement ................................. 26

(l)   Appraisal and Certification By Settlement Administrator .......... 27

11.   Privacy of Documents and Information ................................................ 27

12.   Publicity ............................................................................................ 27

13.   No Admission By the Released Parties ................................................ 28

14.   CIRCULAR 230 DISCLAIMER .......................................................... 29

15.   Exhibits and Headings ........................................................................ 30

16.   Interim Stay of Proceedings ................................................................ 30

17.   Amendment or Modification ................................................................ 30

18.   Entire Agreement ................................................................................ 30

19.   Authorization to Enter Into Settlement Agreement ............................... 30

20.   Binding on Successors and Assigns .................................................... 31

21.   California Law Governs ....................................................................... 31

22.   Counterparts ........................................................................................ 31

23.   This Settlement is Fair, Adequate and Reasonable ............................... 31

24.   Jurisdiction of the District Court ......................................................... 31

25.   Cooperation and Drafting .................................................................... 32

26.   Invalidity of Any Provision ................................................................. 32

27.     Named Plaintiff's Waiver of Right to be Excluded and Object ........... 32

- iii -

# STIPULATION AND SETTLEMENT AGREEMENT
# OF CLASS ACTION CLAIMS

I.    <u>Settlement Agreement</u>.  This Stipulation and Settlement Agreement of Class Action Claims ("Settlement," "Stipulation," or "Agreement") is made between Jane Roe ("Named Plaintiff") on behalf of herself and each of the other "Plaintiffs" as defined herein, on the one hand, and defendant, Frito-Lay, Inc. ("Defendant" or "Frito-Lay") on the other hand, in the action pending in the United States District Court for the Northern District of California, Case No. 3:14-CV-00751 HSG ("Action" or "Lawsuit"), and subject to the approval of the Court.  This Settlement was reached pursuant to negotiations between counsel for the Parties over the course of several months following a prior settlement reached pursuant to a mediation conducted on November 20, 2014, by Mark Rudy.

II.    <u>Definitions.</u>

A.    The term "Settlement" means the settlement described in this Stipulation.

B.    The term "Settlement Administrator" means the firm that the Class Counsel will identify and propose.

C.    The term "Court" as used herein means the United States District Court for the Northern District of California.

D.    The term "Plaintiffs' Counsel" or "Settlement Class Counsel" means Devin Fok of the Law Offices of Devin H. Fok d.b.a DHF LAW, P.C.,

1  Joshua Kim of The New Way of Life Reentry Project, and V. Andre Sherman of

2  Girardi Keese.

3

4      E.      The term "Complaint" means the complaint filed by Named

5  Plaintiff on December 20, 2013, in the Alameda County Superior Court, later

6  removed to the United States District Court for the Northern District of California,

7  in the Lawsuit entitled *Roe v. Frito-Lay, Inc.*, 3:14-CV-00751 HSG.

8

9      F.      The term "Class Period" means the time period beginning on

10  December 20, 2011, and ending on February 28, 2014.

11

12      G.      "Opt-Out Deadline" means the date forty-five (45) calendar days

13  after the Notice Date.

14

15      H.      The term "Plaintiffs" means all individuals residing in the United

16  States who were the subject of a consumer report obtained by Frito-Lay, Inc. for

17  employment between December 20, 2011, and February 28, 2014, and (1) for whom

18  a disposition of "Background Check Review – Fail" or "Criminal Background Fail"

19  was entered in Frito-Lay, Inc.'s applicant tracking system; and/or (2) whose report

20  was updated following a dispute with Frito-Lay's background check vendor; and/or

21  (3) whose applicant file includes a letter or letters sent to the applicant on the basis

22  of the applicant's failure of a pre-employment background check..

23

24      I.      The term "Settlement Class Member" means a member of the

25  Settlement Class to whom a notice is sent pursuant to the procedures outlined in

26  Section 11(d) and who has not excluded himself or herself from the settlement by

27  timely submitting a valid exclusion request.

28

- 2 -

1    J.    "Settlement Class" means all Plaintiffs, excluding (i) all persons

2  who timely and validly request exclusion from the Settlement Class; (ii) all persons

3  who would otherwise qualify for membership in the Settlement Class but for the fact

4  that such persons previously has released all claims as to the Defendant; (iii)

5  Defendant's attorneys; (iv) Plaintiff's attorneys; (v) any judge who has presided

6  over either mediation or disposition of this case and the members of his or her

7  immediate family; and (vi) Mark Rudy.

8

9    K.    .    Gross Settlement Amount.  The term "Gross Settlement

10  Amount" means the amount of $950,000.00 (Nine Hundred Thousand Dollars and

11  No Cents), which Defendants shall cause to be paid in consideration for the releases

12  granted herein. inclusive of attorneys' fees, costs and expenses; a service award to

13  Named Plaintiff; and all costs of administration, including settlement administration

14  fees.  None of the Gross Settlement Amount shall revert to Frito-Lay under any

15  circumstances.  Under no circumstances will Frito-Lay be liable for an amount that

16  exceeds the total Gross Settlement Amount.

17

18    L.    .    Settlement Fund.  The term "Settlement Fund" shall refer

19  to the Gross Settlement Amount plus any income earned thereon held in a qualified

20  settlement fund or similar account at the Financial Institution.  Under no

21  circumstances, will any of the Settlement Fund revert to Frito-Lay.  The Settlement

22  Administrator shall establish a qualified settlement fund or equivalent account

23  approved by the Parties at a financial institution to hold the Settlement Fund.

24  Settlement Class Counsel shall direct the Settlement Administrator to make

25  distributions from the Settlement Fund only in accordance with this Settlement

26  Agreement and orders of the Court.  The Settlement Administrator shall promptly

27  notify the Parties of the date of the establishment of the account.

28

III.   <u>Background and Procedural History</u>.  This Action was filed by Named Plaintiff Jane Roe ("Named Plaintiff") in the Superior Court of the State of California – County of Alameda, on December 20, 2013.  Frito-Lay removed the Action to the United States District Court for the Northern District of California on February 19, 2014.  The complaint alleged violations of the Fair Credit Reporting Act ("FCRA") and violations of California Labor Code section 432.7.

After informal negotiations, Named Plaintiff agreed to file a First Amended Complaint ("FAC"), dropping her causes of action under Labor Code section 432.7, asserting only her FCRA cause of action against Frito-Lay.

On November 20, 2014, the Parties attended a full-day mediation with mediator Mark Rudy, but did not reach a settlement that day.  After continued post-mediation negotiations with the assistance of Mark Rudy, the Parties reached a settlement, the terms of which were set forth in a Memorandum of Understanding signed by all Parties and which were memorialized in a settlement dated October 2015.

Named Plaintiff filed her Motion for Preliminary Approval of Settlement on October 15, 2015.  On November 19, 2015, Named Plaintiff withdrew her Motion following a dispute regarding the size of the class.  The Parties thereafter engaged in significant discovery, including multiple depositions, several rounds of written and informal discovery, third-party subpoenas, and the exchange of hundreds of thousands of lines of data.  After undertaking these efforts, the Parties agreed to re-settle this matter and resolve this litigation once and for all.

After reviewing hundreds of thousands of lines of data, taking two depositions, and propounding multiple sets of requests for production and

- 4 -

STIPULATION AND SETTLEMENT AGREEMENT OF
CLASS ACTION CLAIMS

1  interrogatories, Named Plaintiff was able to identify 2,897 unique, identifiable

2  individual purported class members, and estimated there may be up to 38% more

3  individuals who may be located through additional effort on the part of Frito-Lay.

4  In order to account for Named Plaintiff's estimates of this group of yet-to-be-

5  identified putative class members, the Parties agreed to identify them using the

6  following procedure:  Named Plaintiff provided Frito-Lay with SHA2-512

7  encrypted SSNs of the 2,897 putative class members identified from the databases

8  obtained to date.  Using the encrypted SSNs, Frito-Lay obtained the actual identity

9  of those individuals.  Frito-Lay also instructed local HR Managers to identify

10  additional class members according to the following criteria provided by Named

11  Plaintiff: 1) a letter or letters sent to the applicant on the basis of the applicant's

12  failure of a pre-employment background check exist in the applicant's file; and 2)

13  the applicant was not hired.  Named Plaintiff agreed that there is no "blowup" of the

14  settlement unless Frito-Lay's efforts identified more than eleven hundred and three

15  (1,103) additional putative class members beyond the initially-identified 2,897

16  individuals.

17

18          The Parties undertook this agreed-upon procedure.  Named Plaintiff

19  provided Frito-Lay with the encrypted list of the 2,897 individuals, which Frito-Lay

20  unencrypted.  Frito-Lay sent the agreed-upon email to its local HR Managers,

21  instructing them to search for additional putative class members pursuant to the

22  criteria provided by Named Plaintiff.  These HR Managers were instructed to

23  provide their results no later than June 9, 2016.  After this search was conducted,

24  Frito-Lay certified to Named Plaintiff that the search resulted in thirty-one (31)

25  additional putative class members, for a total of 2,928.

26

27          IV.    Investigation in the Class Action.  The Parties conducted a significant

28  investigation of the facts and law during the prosecution of this Action.  Such

1  investigations have included, *inter alia*, several rounds of formal written discovery

2  served on and responded to by Frito-Lay, multiple depositions taken by Named

3  Plaintiff of Frito-Lay employees, the exchange of information through informal

4  discovery, including Initial Disclosures pursuant to Federal Rule of Civil Procedure

5  Rule 26(a) and the exchange of hundreds of thousands of lines of data, as well as

6  numerous meetings and conferences between counsel for Named Plaintiff and

7  counsel for Frito-Lay.

8

9       Counsel for the Parties further investigated the applicable law as

10  applied to the facts discovered regarding the alleged claims of Named Plaintiff and

11  potential defenses thereto, and the damages claimed by Named Plaintiff.  The gist of

12  the Action is that Named Plaintiff alleges Frito-Lay failed to comply with the

13  procedures set forth under FCRA, namely that Frito-Lay failed to provide Plaintiffs

14  with pre-adverse action disclosures prior to making a decision to not hire Plaintiffs.

15  On this basis, Named Plaintiff demands various amounts for statutory penalties,

16  liquidated damages, punitive damages, interest, attorneys' fees, and other damages.

17  Class Counsel is aware of the defenses and positions of Frito-Lay, but believes

18  Named Plaintiff would ultimately succeed in the Action.

19

20       Named Plaintiff has fully investigated the factual and legal bases for

21  the causes of action asserted in the Action.  As a result of her investigation, Named

22  Plaintiff continues to believe that Frito-Lay failed to comply with the requirements

23  of FCRA.  Frito-Lay, on the other hand, contends it at all times complied with

24  FCRA, and provided all required disclosures prior to taking any adverse

25  employment action.  Given the disagreement between the Parties as to the viability

26  of these claims, and the costs and risks of certification and trial, the Parties believe

27  the Settlement provided for herein is a fair, adequate and reasonable settlement.

28

STIPULATION AND SETTLEMENT AGREEMENT OF
CLASS ACTION CLAIMS

V.     <u>Benefits of Settlement to Class Members</u>.  Named Plaintiff recognizes the expense and length of continued proceedings necessary to continue the litigation against Frito-Lay through class certification, trial and through any possible appeals. Named Plaintiff has also taken into account the uncertainty and risk of the outcome of further litigation, and the difficulties and delays inherent in such litigation. Named Plaintiff is also aware of the burdens of proof necessary to establish liability for the claims asserted in the Action (the "Claims" or "Class Action Claims"), Frito-Lay's defenses thereto, and the difficulties in establishing damages for Plaintiffs. Named Plaintiff has also taken into account the extensive settlement negotiations conducted, which negotiations resulted in the material settlement terms entered into in the Parties' Memorandum of Understanding ("MOU") on May 11, 2016.  Based on the foregoing, Named Plaintiff has determined that the Settlement set forth in this Agreement is a fair, adequate and reasonable settlement, and is in the best interests of Plaintiffs.

VI.     <u>Frito-Lay's Reasons for Settlement</u>.  Frito-Lay has concluded that any further defense of this litigation would be protracted and expensive for all Parties. Substantial amounts of time, energy and resources of Frito-Lay have been and, unless this Settlement is made, will continue to be devoted to the defense of the claims asserted by Plaintiffs.  For these reasons, Frito-Lay has agreed to settle in the manner and upon the terms set forth in this Agreement to put to rest the Claims as set forth in the Action.

VII.     <u>Frito-Lay's Denials of Wrongdoing</u>.  Frito-Lay has denied and continues to deny each of the claims and contentions alleged by Named Plaintiff in the Action.  Frito-Lay has repeatedly asserted and continues to assert defenses thereto, and has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action.  Frito-Lay

1   also has denied and continues to deny, *inter alia*, the allegations that Plaintiffs have

2   suffered damages or are entitled to liquidated damages or penalties of any kind; that

3   Frito-Lay failed to comply with FCRA in any respect; that Frito-Lay engaged in any

4   other wrongful conduct as alleged in the Action; or that Plaintiffs were harmed by

5   the conduct alleged in the Action.  Neither this Agreement, nor any document

6   referred to or contemplated herein, nor any action taken to carry out this Agreement,

7   is, may be construed as, or may be used as an admission, concession or indication by

8   or against Frito-Lay of any fault, wrongdoing or liability whatsoever.

9

10      VIII.   <u>Plaintiffs' Claims</u>.  Named Plaintiff claims and continues to claim that

11   the causes of action asserted in the Complaint have merit and give rise to liability on

12   the part of Frito-Lay.  Neither this Agreement nor any documents referred to herein,

13   or any action taken to carry out this Agreement is, or may be construed as or may be

14   used as an admission by or against Plaintiffs or Class Counsel as to the merits or

15   lack thereof of the claims asserted.

16

17      NOW, THEREFORE, IT IS HEREBY STIPULATED, by and among

18   the Named Plaintiff on behalf of Plaintiffs on the one hand, and Frito-Lay on the

19   other hand, and subject to the approval of the Court, that the Action is hereby being

20   compromised and settled pursuant to the terms and conditions set forth in this

21   Agreement and that upon the Effective Date (as defined below) the Action shall be

22   dismissed with prejudice and shall be a binding and final resolution of any and all

23   claims by Class Members, subject to the recitals set forth hereinabove which by this

24   reference become an integral part of this Agreement and subject to the following

25   terms and conditions:

26

27      1.      <u>"Effective Date"</u>.  As used in this Settlement, "Effective Date"

28   means the date by which the Settlement Agreement is finally approved as provided

- 8 -

1    herein and the Court's Final Judgment becomes final.  For purposes of this

2    paragraph, the Final Judgment "becomes final" when: (i) the period for filing any

3    appeal, writ, or other appellate proceeding opposing the Settlement has elapsed

4    without any appeal, writ, or other appellate proceeding having been filed; (ii) any

5    appeal, writ or other appellate proceeding opposing the Settlement has been

6    dismissed finally and conclusively with no right to pursue further remedies or relief;

7    or (iii) or any appeal, writ or other appellate proceeding has upheld the Court's final

8    order with no right to pursue further remedies or relief.  In this regard, it is the

9    intention of the parties that the Settlement shall not become effective until the

10   Court's order approving the Settlement is completely final, and there is no further

11   recourse by an appellant or objector who seeks to contest the Settlement.

12

13          2.     Class Certification.  For the purposes of this Stipulation only, the

14   Parties agree to the certification of the Settlement Class, to include all individuals

15   residing in the United States who were the subject of a consumer report obtained by

16   Frito-Lay, Inc. for employment  between December 20, 2011 and February 28, 2014

17   and (1) for whom a disposition of "Background Check Review–Fail" or "Criminal

18   Background Fail" was entered in Frito-Lay, Inc.'s applicant tracking system; and/or

19   (2) whose report was updated following a dispute with Frito-Lay's background

20   check vendor; and/or (3) whose applicant file includes a letter or letters sent to the

21   applicant on the basis of the applicant's failure of a pre-employment background

22   check.

23

24          Should for whatever reason the Stipulation not become final, the fact

25   that the Parties were willing to stipulate to class certification as part of the

26   Settlement shall have no bearing on, and shall not be admissible in connection with,

27   the issue of whether a class should be certified in a non-settlement context in the

28

- 9 -

1  Action, and shall have no bearing on, and shall not be admissible in connection

2  with, the issue of whether a class should be certified in any other lawsuit.

3

4       3.     Releases.

5

6            (a)     Release As To All Class Members . The Settlement Class

7  Members, including Named Plaintiff, but excluding those who submit timely and

8  valid requests for exclusion, shall, as of the Effective Date, fully and finally release

9  and discharge Frito-Lay, Inc. and its former and present parents, subsidiaries and

10 affiliated corporations and their officers, directors, employees, partners,

11 shareholders and agents, and any other successors, assigns, or legal representatives

12 ("Released Parties") from the "Released Claims." The Released Parties will be

13 released only by the Settlement Class Members, and only from the Released Claims

14 as defined herein.  They will not be released from any other category of claims by

15 Settlement Class Members or by any other persons.  For purposes of this

16 Agreement, the "Released Claims" are defined as:

17

18            (1)     any and all claims, demands, rights, liabilities, and

19 causes of action of every nature and description whatsoever, known or unknown,

20 asserted or that might have been asserted,

21

22            (2)     whether in tort, contract, or for violation of any state

23 constitution, statute, rule or regulation, and^^

24

25            (3)     whether for economic damages, non-economic

26 damages, restitution, penalties or liquidated damages, arising out of, relating to, or

27 in connection with all causes of action pleaded or that could have been pleaded

28 based upon the facts asserted in the Action, including but not limited to: (a) failure

- 10 -

STIPULATION AND SETTLEMENT AGREEMENT OF
                                                                CLASS ACTION CLAIMS

1   to comply with FCRA; (b) claims for statutory or actual damages; (c) claims for
2   interest, costs, or fees; (d) claims for liquidated damages or punitive damages; or (e)
3   any other amounts associated with any claims based on causes of action pleaded or
4   that could have been pleaded based upon the facts asserted in the Action at any time
5   through the close of the Class Period (whether based on law, contract, or otherwise).
6
7          With respect to the Released Claims, the Settlement Class Members
8   stipulate and agree that, upon the Effective Date, the Settlement Class Members
9   shall be deemed to have, and by operation of the Final Judgment shall have,
10  expressly waived and relinquished, to the fullest extent permitted by law, the
11  provisions, rights and benefits of Section 1542 of the California Civil Code, or any
12  other similar provision under federal or state law, which Section provides:
13
14          A general release does not extend to claims which the
15          creditor does not know or suspect to exist in his or her
16          favor at the time of executing the release, which if known
17          by him or her must have materially affected his or her
18          settlement with the debtor.
19
20          The Settlement Class Members may hereafter discover facts in addition
21  to or different from those they now know or believe to be true with respect to the
22  subject matter of the Released Claims, but upon the Effective Date, shall be deemed
23  to have, and by operation of the Final Judgment shall have, fully, finally, and
24  forever settled and released any and all of the Released Claims, whether known or
25  unknown, suspected or unsuspected, contingent or non-contingent, which now exist,
26  or heretofore have existed, upon any theory of law or equity now existing or coming
27  into existence in the future, including, but not limited to, conduct that is negligent,
28

- 11 -

1    intentional, with or without malice, or a breach of any duty, law or rule, without

2    regard to the subsequent discovery or existence of such different or additional facts.

3

4          The Settlement Class Members agree not to sue or otherwise make a

5    claim against any of the Released Parties that is related to the Released Claims.

6

7          (b)    General Release By Named Plaintiff Only.  In addition to

8    the releases made by the Settlement Class Members set forth in paragraph 3 hereof,

9    Named Plaintiff, as of the Effective Date, makes the additional following general

10   release of all claims, known or unknown.  (The release set forth in this paragraph 4

11   shall be referred to hereinafter as the "General Release").

12

13         Named Plaintiff fully releases and discharges the Released Parties from

14   all claims, demands, rights, liabilities and causes of action of every nature and

15   description whatsoever, known or unknown, asserted or that might have been

16   asserted, whether in tort, contract, or for violation of any state or federal statute, rule

17   or regulation arising out of, relating to, or in connection with any act or omission by

18   or on the part of any of the Released Parties committed or omitted prior to the

19   execution hereof.  This includes any unknown claims Named Plaintiff does not

20   know or suspect to exist in her favor, which, if known by her, might have affected

21   her settlement with, and release of, the Released Parties or might have affected her

22   decision not to object to the settlement.  Nothing in this Agreement shall prevent

23   Named Plaintiff from filing a charge with, cooperating with, reporting any suspected

24   whistleblower claim(s) to, or participating in any proceeding before the Securities

25   and Exchange Commission or other governmental authorities and participating in

26   any benefits involved in such reporting.

27

28

- 12 -

1   With respect to the General Release, Named Plaintiff stipulates and
2   agrees that, upon the Effective Date, Named Plaintiff shall be deemed to have, and
3   by operation of the Final Judgment shall have, expressly waived and relinquished, to
4   the fullest extent permitted by law, the provisions, rights and benefits of Section
5   1542 of the California Civil Code, or any other similar provision under federal or
6   state law, which provides:

7

8   A general release does not extend to claims which the
9   creditor does not know or suspect to exist in his or her
10   favor at the time of executing the release, which if known
11   by him or her must have materially affected his or her
12   settlement with the debtor.

13

14   Named Plaintiff may hereafter discover facts in addition to or different
15   from those she now knows or believes to be true with respect to the subject matter of
16   the General Release, but Named Plaintiff upon the Effective Date, shall be deemed
17   to have, and by operation of the Final Judgment shall have, fully, finally, and
18   forever settled and released any and all of the claims released pursuant to the
19   General Release, whether known or unknown, suspected or unsuspected, contingent
20   or non-contingent, which now exist, or heretofore have existed upon any theory of
21   law or equity now existing or coming into existence in the future, including, but not
22   limited to, conduct that is negligent, intentional, with or without malice, or a breach
23   of any duty, law or rule, without regard to the subsequent discovery or existence of
24   such different or additional facts.

25

26   4.   Allocation of Settlement Fund.  The Settlement Fund shall be
27   allocated among these elements:

28

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

1         (a)    the Fees Award (as hereinafter defined) to Settlement

2 Class Counsel as approved by the Court;

3

4         (b)    the Costs Award (as hereinafter defined) to Settlement

5 Class Counsel, as approved by the Court;

6

7         (c)    the Service Award (as hereinafter defined) to Named

8 Plaintiff, in an amount not to exceed $10,000.00 (Ten Thousand Dollars And No

9 Cents), subject to the Court's approval;

10

11         (d)    reasonable settlement administration expenses.

12

13      The amount that remains after the Service Award, claims

14 administration expenses, and attorneys' fees and costs have been deducted from the

15 Settlement Fund shall be called the "Payout Fund" which will be allocated as

16 Settlement Awards (as defined below) and distributed to Settlement Class Members

17 as described below.

18

19      5.    <u>Plan of Allocation for Payment to Settlement Class Members</u>.

20 Within seven (7) days after the Effective Date, and solely for purposes of this

21 Settlement, Frito-Lay shall wire the amount of the Settlement Fund into an account

22 set up by the Settlement Administrator for distribution in accordance with the

23 following eligibility and settlement formula requirements:

24

25         (a)    Excluded from becoming Settlement Class Members are

26 those Plaintiffs who submit valid and timely requests for exclusion pursuant to the

27 terms and procedures of the Notice of Pendency and Settlement of Class Action;

28

- 14 -

1    Settlement Hearing; and Exclusion Procedures ("Notice") (attached as <u>Exhibit 1</u>

2    hereto).

3

4        (b)      All Settlement Class Members are entitled to receive a

5    payment from the Payout Fund calculated as follows:

6

7            (i)      After deducting the amount of Fees Award, the

8    Costs Award, the Service Award, and claims administration expenses that are all

9    finally approved by the Court, the remaining Payout Fund will be allocated to the

10   Settlement Class Members;

11

12           (ii)     To arrive at these amounts, the Payout Fund will be

13   divided equally pro-rata amongst all Settlement Class Members to obtain each

14   Settlement Class Member's "Settlement Award."

15

16           (iii)    All settlement checks that remain uncashed after

17   sixty (60) days following the first distribution will revert to the Payout Fund.

18

19           (iv)     All Settlement Class Members who timely cash

20   their initial Settlement Award checks within sixty (60) days after their mailing will

21   receive their pro-rata share of the balance of the Payout Fund ("Second

22   Distribution"), if and only if each Settlement Class Member's pro-rata share of this

23   Second Distribution will meet or exceed $5.00 (Five Dollars and No Cents).

24

25           (v)      If the Payout Fund after sixty (60) days of the initial

26   distribution does not contain sufficient funds to guarantee a second Settlement

27   Award check of at least $5.00 (Five Dollars and No Cents) for each Settlement

28   Class Member who has timely cashed his or her initial Settlement Award check, no

1  second distribution shall be made.  Such amounts will be referred to as "Remaining

2  Funds."  Remaining Funds shall be distributed *cy pres* to the National Consumer

3  Law Center ("NCLC").

4

5            (vi)   One Hundred percent (100%) of all Individual

6  Settlement Awards to Settlement Class Members will be representative of penalties

7  sought in the Action and will be afforded IRS Form 1099 tax treatment.

8

9            (vii)   The Settlement Administrator shall be responsible

10  for issuing the payments and any required tax documentation.

11

12       6.   <u>Fees Award, Costs Award, and Incentive Award</u>.  Settlement

13  Class Counsel will request, and Frito-Lay will not oppose, an award of attorneys'

14  fees ("Fees Award") of up to thirty-three and one-third percent (33 1/3%) of the

15  Gross Settlement Amount, subject to Court approval.  Settlement Class Counsel

16  shall request, and Frito-Lay will not oppose, an award of reasonable costs ("Costs

17  Award"), subject to Court approval.  Settlement Class Counsel's Fees Award and

18  Costs Award shall be deducted from the Gross Settlement Amount.  Any Fees

19  Award and Costs Award shall be paid by the Settlement Administrator to Settlement

20  Class Counsel within twenty (20) days of the Effective Date.  Settlement Class

21  Counsel will be issued an IRS Form 1099 for their award of attorneys' fees and

22  costs.  If the Court awards attorneys' fees and costs less than said amount, the

23  unawarded amounts shall revert to the Settlement Fund.  Settlement Class Counsel

24  shall not be permitted to petition the Court for, or accept, any additional payments

25  for fees, costs, or interest, and the Fees Award shall be for all claims for attorneys'

26  fees and costs past, present and future incurred in the Action.

27

28

1    Frito-Lay's payment of the Settlement Fund to the Settlement

2    Administrator shall constitute full satisfaction of the obligation to pay any amounts

3    to any person, attorney or law firm for attorneys' fees, expenses or costs in the

4    Action incurred by any attorney on behalf of the Named Plaintiff and/or the

5    Settlement Class, and shall relieve Frito-Lay, the Settlement Administrator, and

6    Frito-Lay's Counsel of any other claims or liability to any other attorney or law firm

7    for any attorneys' fees, expenses and/or costs to which any of them may claim to be

8    entitled on behalf of the Named Plaintiff and the Plaintiff Class in connection with

9    this litigation.

10

11    Settlement Class Counsel may apply for a Service Award in an amount

12    not to exceed a total of $10,000.00 (Ten Thousand Dollars and No Cents) ("Service

13    Award"), to be paid to the Named Plaintiff for her time and effort spent pursuing the

14    Action.  Frito-Lay agrees not to oppose such an application, so long as it is

15    consistent with the provisions of this Agreement.  Any Service Award shall be paid

16    by the Settlement Administrator to the Named Plaintiff within twenty (20) days of

17    the Effective Date.  Named Plaintiff will be issued an IRS Form 1099 for the

18    Service Award.  If the Court approves a service award less than said amount, the

19    unawarded amounts shall revert to the Settlement Fund.

20

21    7.    Responsibilities of Frito-Lay.  Frito-Lay shall:

22

23    (a)    Pay, or cause to be paid, the Settlement Administrator for

24    costs and expenses of administering the Notice Procedure;

25

26    (b)    Deposit, or cause to be deposited, the Settlement Fund

27    within seven (7) days of the Effective Date;

28

- 17 -

1    (c)    Provide, within seven (7) days after Preliminary Approval,

2  the Settlement Administrator a "Class List and Data Report" showing each

3  Plaintiff's name, most current mailing address and telephone number, email address

4  (to the extent available), and social security number.  The Settlement Administrator

5  shall not share this information with Settlement Class Counsel.  Frito-Lay shall

6  provide the list in an electronic format reasonably acceptable to the Settlement

7  Administrator.  The Settlement Administrator will keep the list confidential, and

8  will use it only for the purposes described herein;

9

10    8.    Operation of the Settlement Fund.

11

12    (a)    The Settlement Administrator will calculate the Settlement

13  Amounts to be paid to the Settlement Class Members from the Payout Fund in

14  accordance with the terms and provisions of this Agreement.

15

16    (b)    The Settlement Administrator shall have the authority and

17  obligation to make payments, credits and disbursements, including payments and

18  credits in the manner set forth herein, to the Named Plaintiff, Settlement Class

19  Members, and Settlement Class Counsel from the Settlement Fund calculated in

20  accordance with the methodology set out in this Agreement and orders of the Court,

21  and shall do so.

22

23    (c)    To the extent any tax returns must be filed for the

24  Settlement Fund pursuant to this Agreement, the Settlement Administrator shall

25  cause to be timely and properly filed all informational and other tax returns, if any,

26  necessary with respect to the Settlement Fund.  Such returns shall be consistent with

27  this paragraph.  Any taxable income generated by the Settlement Fund shall accrue

28  to the benefit of the Settlement Class.  If any taxable income is generated by the

- 18 -

STIPULATION AND SETTLEMENT AGREEMENT OF
CLASS ACTION CLAIMS

1  Settlement Fund, in all events the tax returns filed shall reflect that all taxes payable

2  on the taxable income of the Settlement Fund, if any, shall be paid from the

3  Settlement Fund.  Any expenses consisting of the expenses and costs incurred in

4  connection with the operation and implementation of this paragraph (including,

5  without limitation, reasonable expenses of tax attorneys, accountants or other

6  designees retained by the Settlement Administrator as required for the preparation

7  and filing of tax returns described in this paragraph) shall be treated as, and

8  considered to be, a cost of administration of the Settlement.

9

10         (d)     No person shall have any claim against Frito-Lay, Frito-

11 Lay's Counsel, Named Plaintiff, the Settlement Class, Settlement Class Counsel or

12 the Settlement Administrator based on distributions and payments made in

13 accordance with this Agreement.

14

15         9.     No Injunctive Relief.  As part of this Settlement, Frito-Lay shall

16 not be required to enter into any consent decree, nor shall Frito-Lay be required to

17 agree to any provision for injunctive relief, or to modify or eliminate any of its

18 practices.

19

20         10.     Notice/Approval of Settlement and Settlement Implementation.

21 As part of this Settlement, the Parties agree to the following procedures for

22 obtaining preliminary Court approval of the Settlement, notifying Plaintiffs,

23 obtaining final Court approval of the Settlement, and processing the settlement

24 payments:

25

26         (a)     CAFA Notice.  Pursuant to CAFA, within ten (10) days

27 after the date Named Plaintiff files her Motion for Preliminary Approval, Frito-Lay

28 will mail the CAFA Notice to the Attorney General of the United States, the

- 19 -

1   Attorney General of the State of California, and the Attorney General of each other
2   state where Plaintiffs reside according to Frito-Lay's records. The cost of such
3   notices shall not be deducted from the Gross Settlement Fund.

4

5             (b)    Preliminary Settlement Hearing.  Plaintiffs and Frito-Lay
6   shall appear before this Court on July 28, 2016, at 2:00 p.m., to request Preliminary
7   Approval of the Settlement.

8

9             (c)    Preliminary Approval Order.  In conjunction with this
10  hearing, Named Plaintiff will submit this Agreement, which sets forth the terms of
11  this Settlement, and will include proposed forms of all notices and other documents
12  as attached hereto necessary to implement the Settlement. Simultaneous with the
13  filing of the Stipulation of Settlement and solely for purposes of this Settlement,
14  Plaintiffs will request the Court to enter a Preliminary Approval Order, preliminarily
15  approving the proposed Settlement, and setting a date for a Settlement Hearing to
16  determine final approval of the Settlement. The Order shall provide for notice of the
17  Settlement and related matters to be sent to Plaintiffs as specified herein.

18

19            (d)    Notice to Plaintiffs.  Notice of the Settlement shall be
20  provided to Plaintiffs using the following procedures:

21

22            (1)    Settlement Administrator.  The Settlement
23  Administrator shall be responsible for preparing, printing and mailing the Notice of
24  Settlement of Class Action; Settlement Hearing; and Exclusion Procedures
25  ("Notice") (attached as Exhibit 1 hereto) (the "Notice Packet") as directed by the
26  Court to the Plaintiffs; keeping track of opt-outs; drafting and mailing Settlement
27  Award checks to Settlement Class Members; creating and maintaining a settlement
28  website containing necessary settlement documents including a Long Form Notice

- 20 -

1   (attached as Exhibit 2 hereto); maintaining live telephone assistance to assist

2   Settlement Class Members; and for such other tasks as the Parties mutually agree or

3   the Court orders the Settlement Administrator to perform.  The Parties each

4   represent they do not have any financial interest in the Settlement Administrator or

5   otherwise have a relationship with the Settlement Administrator that could create a

6   conflict of interest.

7

8                              (1)      Statement of Costs for the Notice Procedure.

9   Within ten (10) days after the Preliminary Approval of this Settlement, the

10  Settlement Administrator will provide to Settlement Class Counsel a detailed

11  statement of the costs that will be incurred as part of the notice process as described

12  in Section 10(d).  Subject to approval of Settlement Class Counsel, the Settlement

13  Administrator shall invoice this amount to Frito-Lay, and Frito-Lay shall promptly

14  pay it to the Settlement Administrator.  Any disputes relating to this subsection shall

15  be brought to the Magistrate Judge assigned to this litigation, for resolution.

16

17                             (2)      Notice By First-Class Mail.  Within thirty (30) days

18  after the Preliminary Approval of this Settlement, the Settlement Administrator shall

19  mail a jointly prepared Notice Packet to Plaintiffs via first-class regular U.S. mail.

20  Plaintiffs will have forty-five (45) days from the mailing of the Notice Packet to opt

21  out of, or object to, the settlement.  Prior to mailing, the Settlement Administrator

22  will electronically check and update the mailing addresses against the USPS

23  National Change of Address database, to the extent such information exists and can

24  be systematically retrieved from such databases.  For any Settlement Class Member

25  without a known or valid mailing address, the Settlement Administrator shall also

26  obtain his or her most current address by skip-tracing his or her social security

27  number.  For up to thirty days (30) calendar days following the mailing of these

28  notices, the Settlement Administrator shall promptly forward the original Notice

- 21 -

1 Packet to the updated address via first-class regular U.S. mail indicating on the
2 original Notice Packet the date of such re-mailing, to the extent that the Settlement
3 Administrator receives address change notifications from the U.S. Postal Service.
4
5        Within seven (7) days after the Opt-Out Deadline, the Settlement
6 Administrator will prepare a declaration to be provided to Class Counsel and Frito-
7 Lay's Counsel for filing in support of the Named Plaintiff's motion for final
8 approval attesting to the following: (i) its mailing efforts regarding the Class Notice;
9 and (ii) its receipt of valid requests for exclusion, and its inability to deliver the
10 Class Notice to Settlement Class Members, if any. No less than twenty (20) days
11 before the Final Approval Hearing, the Settlement Administrator will prepare and
12 submit to Settlement Class Counsel and Counsel for Frito-Lay for filing in support
13 of the motion any supplemental declaration as applicable, including proof of
14 creating and maintaining the settlement website, and maintaining a live telephone
15 support line.
16
17        (e)   Procedure for Payment of Settlement Awards. All
18 Settlement Class Members shall receive a Settlement Award, distributed by the
19 Settlement Administrator within thirty (30) days of the Effective Date.
20
21        Checks paid to Settlement Class Members shall remain valid and
22 negotiable for sixty (60) days from the date of their issuance ("Check Stale Date")
23 and shall thereafter automatically be canceled if not cashed by a Settlement Class
24 Member within that time, at which time the Settlement Class Member's claim will
25 be deemed void and of no further force and effect. The funds corresponding to
26 voided checks pursuant to this paragraph shall revert to the Settlement Fund and
27 shall be paid to Settlement Class Members who have timely cashed their initial
28 Settlement Award checks in a Second Distribution, so long as each Settlement Class

- 22 -

1   Member's share of the Second Distribution equals or exceeds five dollars ($5.00).

2   Uncashed checks remaining after the Second Distribution, or remaining after the

3   Initial Distribution if a Second Distribution cannot be made, shall be distributed *cy*

4   *pres* to the NCLC.

5

6             (f)      Procedure for Objecting to or Requesting Exclusion From

7   Class Action Settlement.

8

9                      (1)     Procedure for Objecting.  The Notice shall provide

10  that Class Members who wish to object to the Settlement must file with the Court

11  and serve on counsel for the Parties a written statement objecting to the Settlement.

12  Such written statement must be filed with the Court and served on counsel for the

13  Parties no later than forty-five (45) days after the date the Notice is first mailed (the

14  "Opt-Out Deadline").  No Class Member shall be entitled to be heard at the final

15  Settlement Hearing (whether individually or through separate counsel) or to object

16  to the Settlement, and no written objections or briefs submitted by any Settlement

17  Class Member shall be received or considered by the Court at the Settlement

18  Hearing, unless written notice of the Class Member's intention to appear at the

19  Settlement Hearing, and copies of any written objections or briefs, shall have been

20  filed with the Court and served on counsel for the Parties on or before the Opt-Out

21  Deadline.  The Parties will be permitted to respond in writing to such objections

22  prior to the Final Approval Hearing.  Settlement Class Members who fail to file and

23  serve timely written objections in the manner specified above shall be deemed to

24  have waived any objections and shall be foreclosed from making any objection

25  (whether by appeal or otherwise) to the Settlement.

26

27                     (2)     Procedure for Requesting Exclusion.  The Notice

28  shall provide that Plaintiffs who wish to exclude themselves from the Settlement

- 23 -

1  Class must submit a written statement requesting exclusion from the Settlement

2  Class on or before the Opt-Out Deadline.  The Opt-Out Request must additionally

3  state in substance:

4
5      "I have read the Class Notice and I wish to opt out of the class action
       and the settlement of the following case: *Roe v. Frito-Lay, Inc.*, Case
       No. 4:14-cv-00751."
6

7      Such written request for exclusion must contain the name, address,

8  telephone number and last four digits of Social Security number of the person

9  requesting exclusion, must be returned by mail to the Settlement Administrator at a

10  specified address, and must be postmarked on or before the Opt-Out Deadline.  The

11  date of the postmark on the return mailing envelope shall be the exclusive means

12  used to determine whether a request for exclusion has been timely submitted.  Any

13  individual who opts-out of the Settlement Class will not be entitled to any recovery

14  under the Settlement and will not be bound by the Settlement or have any right to

15  object, appeal or comment thereon.  Plaintiffs who fail to submit a valid and timely

16  request for exclusion on or before the Opt-Out Deadline shall be Settlement Class

17  Members and shall be bound by all terms of the Settlement and any Final Judgment

18  entered in this Action if the Settlement is approved by the Court.

19

20      The Settlement Administrator shall provide counsel for all Parties with

21  the number of Plaintiffs who timely and validly opt-out of the Settlement Class.

22  The Settlement Administrator shall provide counsel for Frito-Lay with the names of

23  all Plaintiffs who timely and validly opt-out of the Settlement Class but shall not

24  share this information with Plaintiff's Counsel.

25

26      (g)   No Solicitation of Settlement Objections or Exclusions.

27  The Parties agree to use their best efforts to carry out the terms of this Settlement.

28  At no time shall any of the Parties or their counsel seek to solicit or otherwise

- 24 -

1 | encourage Plaintiffs to submit written objections to the Settlement or requests for

2 | exclusion from the Settlement Class, or appeal from the Court's Final Judgment.

3 |

4 |         (h)    <u>Option to Terminate Settlement</u>. If, after the Opt-Out

5 | Deadline Date and before the Settlement Hearing referenced in paragraph 10(i)

6 | below, the number of Plaintiffs who have timely filed with the Court requests for

7 | exclusion total in number more than the number specified in a separate

8 | Supplemental Agreement between the Parties, Frito-Lay shall have the option to

9 | terminate this Settlement in accordance with the procedures set forth in the

10 | Supplemental Agreement. The Supplemental Agreement will not be filed with the

11 | Court unless and until a dispute arises among the parties concerning its

12 | interpretation or application or the Court so orders, and in either event it shall be

13 | filed and maintained by the Court under seal. The Parties agree that if the class size

14 | exceeds four thousand (4,000) individuals as identified by Frito-Lay, Named

15 | Plaintiff may at her option, elect to terminate the settlement.

16 |

17 |         (i)    <u>Final Settlement Approval Hearing and Entry of Final</u>

18 | <u>Judgment</u>. Upon expiration of the Claim Period, with the Court's permission, a

19 | Settlement Hearing shall be conducted to determine final approval of the Settlement

20 | along with the amount properly payable for (i) the Fees Award and Costs Award,

21 | (ii) the Named Plaintiff's Service Award, and (iii) the costs of administration. Upon

22 | final approval of the Settlement by the Court at or after the Settlement Hearing, the

23 | Parties shall present a Final Judgment and Order of Dismissal with Prejudice to the

24 | Court for its approval. After entry of the Final Judgment, the Court shall have

25 | continuing jurisdiction solely for purposes of addressing: (i) settlement

26 | administration matters and (ii) such post-Final Judgment matters as may be

27 | appropriate under court rules or as set forth in this Agreement.

28 |

SMRH:477499730.4                       STIPULATION AND SETTLEMENT AGREEMENT OF
                                                              CLASS ACTION CLAIMS

1        Administration of the Settlement shall be completed on or before the

2   date two hundred (200) days after the Effective Date.  Upon completion of

3   administration of the Settlement, Frito-Lay shall provide written certification, under

4   penalty of perjury, of such completion to the Court and the Settlement Class

5   Counsel.  Also upon completion of administration of the Settlement, the Settlement

6   Administrator shall provide written certification, under penalty of perjury, of such

7   completion to the Court and counsel for all Parties, as provided herein.

8

9        (j)    Administration Costs.  All of Frito-Lay's own legal fees,

10  costs and expenses incurred in this Action shall be borne by Frito-Lay.  In

11  accordance with paragraph 5, claims administration expenses will be deducted from

12  the Gross Settlement Amount.  The Parties agree to cooperate in the Settlement

13  administration process and to make all reasonable efforts to control and minimize

14  the costs and expenses incurred in administration of the Settlement.

15

16        (k)    Nullification of Settlement Agreement.  In the event: (i)

17  the Court does not enter the Order specified herein; (ii) the Court does not finally

18  approve the Settlement as provided herein; (iii) the Court does not enter a Final

19  Judgment as provided herein which becomes final as a result of the occurrence of

20  the Effective Date; or (iv) the Settlement does not become final for any other reason,

21  this Settlement Agreement shall be null and void and any order or judgment entered

22  by the Court in furtherance of this Settlement shall be treated as void *ab initio*.  In

23  such a case, the Parties and any funds to be awarded under this Settlement shall be

24  returned to their respective statuses as of the date and time immediately prior to the

25  execution of this Agreement, and the Parties shall proceed in all respects as if this

26  Settlement Agreement had not been executed, except that any fees already incurred

27  by the Settlement Administrator shall be paid for by Frito-Lay and shall not be

28  repaid to Frito-Lay.  In the event an appeal is filed from the Court's Final Judgment,

1   or any other appellate review is sought prior to the Effective Date, administration of

2   the Settlement shall be stayed pending final resolution of the appeal or other

3   appellate review.

4

5             (l)      Appraisal and Certification By Settlement Administrator.

6   The Settlement Administrator shall keep all Parties and their counsels apprised of all

7   distributions from the Settlement Fund and upon completion of administration of

8   that portion of the Settlement, the Settlement Administrator shall provide written

9   certification, under penalty of perjury, of such completion to the Court and counsel

10   for all Parties.

11

12             11.    Privacy of Documents and Information.  The Named Plaintiff

13   and her counsel agree that none of the documents and information provided to them

14   by Frito-Lay shall be used for any purpose other than prosecution of this Action.

15

16             12.    Publicity.  The Parties agree that they shall come to a resolution

17   on the issue of the publicity of this settlement prior to the Parties' Preliminary

18   Approval Hearing on July 28, 2016, which they will submit to the Court in a

19   Supplemental Stipulation and Settlement Agreement. In the interim, however, aside

20   from the filing of court papers with the Court related to the Settlement, the Parties

21   shall not, nor shall they cause any other person, to make any public statement with

22   regard to the settlement or any terms thereof, without the express written

23   authorization of the other Parties, until such time as the terms of the Settlement are

24   made public as a result of Court-ordered notice to the Settlement Class, at which

25   time the publication, if any, will be governed by the Parties' supplemental

26   agreement on this topic.

27

28

1       Notwithstanding anything contained herein, or any other confidentiality
2  provision to which Named Plaintiff may be or may have been subject to with Frito-
3  Lay, nothing shall prevent her from communicating with government authorities
4  concerning any possible legal violations.  Frito-Lay nonetheless asserts and does not
5  waive its attorney-client privilege over any information appropriately protected by
6  the privilege.

7

8       13.   <u>No Admission By the Released Parties</u>.  Frito-Lay and the
9  Released Parties deny any and all claims alleged in this Action and deny all
10  wrongdoing whatsoever.  This Agreement is not a concession or admission, and
11  shall not be used against Frito-Lay or any of the Released Parties as an admission or
12  indication with respect to any claim of any fault, concession or omission by Frito-
13  Lay or any of the Released Parties.  Whether or not the Settlement is finally
14  approved, neither the Settlement, nor any document, statement, proceeding or
15  conduct related to this Agreement, nor any reports or accounts thereof, shall in any
16  event be:

17

18       (a)   construed as, offered or admitted in evidence as, received
19  as, or deemed to be evidence for any purpose adverse to the Released Parties,
20  including, but not limited to, evidence of a presumption, concession, indication or
21  admission by any of the Released Parties of any liability, fault, wrongdoing,
22  omission, concession or damage; or

23

24       (b)   disclosed, referred to or offered or received in evidence
25  against any of the Released Parties, in any further proceeding in the Action, or any
26  other civil, criminal or administrative action or proceeding except for purposes of
27  settling this Action pursuant to this Agreement.

28

SMRH:477499730.4                                   STIPULATION AND SETTLEMENT AGREEMENT OF
                                                        CLASS ACTION CLAIMS

1    14.    <u>CIRCULAR 230 DISCLAIMER</u>. EACH PARTY TO THIS

2    AGREEMENT (FOR PURPOSES OF THIS SECTION, THE

3    "ACKNOWLEDGING PARTY" AND EACH PARTY TO THIS AGREEMENT

4    OTHER THAN THE ACKNOWLEDGING PARTY, AN "OTHER PARTY")

5    ACKNOWLEDGES AND AGREES THAT (1) NO PROVISION OF THIS

6    AGREEMENT, AND NO WRITTEN COMMUNICATION OR DISCLOSURE

7    BETWEEN OR AMONG THE PARTIES OR THEIR ATTORNEYS AND

8    OTHER ADVISERS, IS OR WAS INTENDED TO BE, NOR SHALL ANY SUCH

9    COMMUNICATION OR DISCLOSURE CONSTITUTE OR BE CONSTRUED

10   OR BE RELIED UPON AS, TAX ADVICE WITHIN THE MEANING OF

11   UNITED STATES TREASURY DEPARTMENT CIRCULAR 230 (31 CFR PART

12   10, AS AMENDED); (2) THE ACKNOWLEDGING PARTY (A) HAS RELIED

13   EXCLUSIVELY UPON HIS, HER OR ITS OWN, INDEPENDENT LEGAL AND

14   TAX COUNSEL FOR ADVICE (INCLUDING TAX ADVICE) IN

15   CONNECTION WITH THIS AGREEMENT, (B) HAS NOT ENTERED INTO

16   THIS AGREEMENT BASED UPON THE RECOMMENDATION OF ANY

17   OTHER PARTY OR ANY ATTORNEY OR ADVISOR TO ANY OTHER

18   PARTY, AND (C) IS NOT ENTITLED TO RELY UPON ANY

19   COMMUNICATION OR DISCLOSURE BY ANY ATTORNEY OR ADVISER

20   TO ANY OTHER PARTY TO AVOID ANY TAX PENALTY THAT MAY BE

21   IMPOSED ON THE ACKNOWLEDGING PARTY; AND (3) NO ATTORNEY

22   OR ADVISER TO ANY OTHER PARTY HAS IMPOSED ANY LIMITATION

23   THAT PROTECTS THE CONFIDENTIALITY OF ANY SUCH ATTORNEY'S

24   OR ADVISER'S TAX STRATEGIES (REGARDLESS OF WHETHER SUCH

25   LIMITATION IS LEGALLY BINDING) UPON DISCLOSURE BY THE

26   ACKNOWLEDGING PARTY OF THE TAX TREATMENT OR TAX

27   STRUCTURE OF ANY TRANSACTION, INCLUDING ANY TRANSACTION

28   CONTEMPLATED BY THIS AGREEMENT.

15.   <u>Exhibits and Headings</u>.  The terms of this Agreement include the terms set forth in any attached Exhibits 1-4, which are incorporated by this reference as though fully set forth herein.  Any Exhibits to this Agreement are an integral part of the Settlement.  The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Agreement.

16.   <u>Interim Stay of Proceedings</u>.  The Parties agree to hold all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement, in abeyance pending the Settlement Hearing to be conducted by the Court.

17.   <u>Amendment or Modification</u>.  This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest.

18.   <u>Entire Agreement</u>.  With the exception of the separate Supplemental Agreement referenced in paragraph 10(h), this Agreement and any attached Exhibits constitute the entire agreement among these Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

19.   <u>Authorization to Enter Into Settlement Agreement</u>.  Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this

- 30 -

1  Agreement.  The Parties and their counsel will cooperate with each other and use

2  their best efforts to effect the implementation of the Settlement.

3

4      20.    Binding on Successors and Assigns.  This Agreement shall be

5  binding upon, and inure to the benefit of, the successors or assigns of the Parties

6  hereto, as previously defined.

7

8      21.    California Law Governs.  All terms of this Agreement and the

9  Exhibits hereto shall be governed by and interpreted according to the laws of the

10  State of California.

11

12      22.    Counterparts.  This Agreement may be executed in one or more

13  counterparts.  All executed counterparts and each of them shall be deemed to be one

14  and the same instrument provided that counsel for the Parties to this Agreement

15  shall exchange among themselves original signed counterparts.

16

17      23.    This Settlement is Fair, Adequate and Reasonable.  The Parties

18  believe this Settlement is a fair, adequate and reasonable settlement of this Action

19  and have arrived at this Settlement in arms-length negotiations, taking into account

20  all relevant factors, present and potential.  This Settlement was reached after

21  extensive negotiations.

22

23      24.    Jurisdiction of the District Court.  The Court shall retain

24  jurisdiction with respect to the interpretation, implementation and enforcement of

25  the terms of this Agreement and all orders and judgments entered in connection

26  therewith, and the parties and their counsel hereto submit to the jurisdiction of the

27  Court for purposes of interpreting, implementing and enforcing the settlement

28

- 31 -

1  embodied in this Agreement and all orders and judgments entered in connection
2  therewith.

4      25.   <u>Cooperation and Drafting</u>.  Each of the parties has cooperated in
5  the drafting and preparation of this Agreement.  Hence, in any construction made to
6  this Agreement, the same shall not be construed against any of the parties.

8      26.   <u>Invalidity of Any Provision</u>.  Before declaring any provision of
9  this Agreement invalid, the Court shall first attempt to construe the provisions valid
10 to the fullest extent possible consistent with applicable precedents so as to define all
11 provisions of this Agreement valid and enforceable.

13     27.   <u>Named Plaintiff's Waiver of Right to be Excluded and Object</u>.
14 Named Plaintiff agrees to sign this Agreement and by signing this Agreement is
15 bound by the terms herein stated and further agrees not to request to be excluded
16 from the Settlement Class and agrees not to object to any of the terms of this
17 Agreement.  Non-compliance by Named Plaintiff with this paragraph shall be void
18 and of no force or effect.  Any such request for exclusion or objection shall therefore
19 be void and of no force or effect.

NAMED PLAINTIFF

Date: June 23, 2016

JANE ROE

- 32 -

STIPULATION AND SETTLEMENT AGREEMENT OF
CLASS ACTION CLAIMS

PLAINTIFFS' COUNSEL

DHF LAW, P.C.

Date: ___6/23/11___

By: _____
    Devin Fok
    Attorneys for Plaintiffs


A NEW WAY OF LIFE REENTRY PROJECT

Date: _6/23/2016_

By: _____
    Joshua Kim
    Attorneys for Plaintiffs


GIRARDI KEESE

Date: ___6/23/16___

By: _____
    V. Andre Sherman
    Attorneys for Plaintiffs


DEFENDANT

FRITO-LAY, INC.

Date: _____

By: _____
Its: _____

- 33 -

1

2    PLAINTIFFS' COUNSEL

3    DHF LAW, P.C.

4    Date: _____          By: _____

5                                            Devin Fok

6                                            Attorneys for Plaintiffs

7

8    A NEW WAY OF LIFE REENTRY PROJECT

9    Date: _____          By: _____

10                                           Joshua Kim

11                                           Attorneys for Plaintiffs

12

13   GIRARDI KEESE

14

15   Date: _____          By: _____

16                                           V. Andre Sherman

17                                           Attorneys for Plaintiffs

18

19

20   DEFENDANT

21

22   FRITO-LAY, INC.

23   Date: _June 23, 2016_               By: _Michele Thatcher_

24                                       Its: _SVP Employment Law_

25

26

27

28

- 33 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S COUNSEL

SHEPPARD MULLIN RICHTER & HAMPTON
LLP

Date: _June 23, 2016_

By: _D. Hardy_

Samantha D. Hardy
Ashley T. Hirano
Attorneys for Defendant
Frito-Lay, Inc.

- 34 -

STIPULATION AND SETTLEMENT AGREEMENT OF
CLASS ACTION CLAIMS

1

2

### LIST OF EXHIBITS

3

4

    1.      Class Notice

5

    2.      Long Form Notice

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:477499730.4

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS