**United States District Court for the Northern District of California**

*Roe v. Frito-Lay, Inc.*

**Case No. 3:14-cv-00751-HSG**

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING**

*A court authorized this Notice. This is not a solicitation from a lawyer.*

This notice relates to a proposed settlement in a class action lawsuit on behalf of employees and applicants on whom Frito-Lay, Inc. ("Frito-Lay") procured a background report for employment purposes ("consumer report") between December 20, 2011, and February 28, 2014, and (1) for whom a disposition of "Background Check Review – Fail" or "Criminal Background Fail" was entered in Frito-Lay, Inc.'s applicant tracking system; and/or (2) whose report was updated following a dispute with Frito-Lay's background check vendor; and/or (3) whose applicant file includes a letter or letters sent to the applicant on the basis of the applicant's failure of a pre-employment background check.

- The lawsuit alleges that Frito-Lay violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") by failing to provide consumers with a pre-adverse action notice compliant with 15 U.S.C. §1681b(b)(3) before taking an adverse action in whole or in part on the basis of information disclosed in their employment background reports. Frito-Lay denies that it violated the law in any fashion whatsoever. The two sides disagree as to whether Frito-Lay's conduct was permitted under the FCRA, whether Frito-Lay would be liable under the FCRA with respect to that conduct, and if so, the extent of any such liability. The parties have agreed to resolve the lawsuit by a settlement.

- You are eligible to receive benefits from this class action settlement.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: ||
|---|---|
| **Do Nothing** | You will receive a payment (estimated to be $200.00) in exchange for giving up your right to sue Frito-Lay on any of the claims released by this settlement. |
| **Exclude Yourself** | You will not receive any payment under this settlement. This is the only option that allows you to be part of any other lawsuit or legal action against Frito-Lay about the matters being resolved in this settlement. If you decide to exclude yourself ("opt out"), you must do so on or before [DATE] |
| **Object** | Write to the Court about why you object to the settlement. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the settlement. |

- Your rights and options – and the deadlines to exercise them – are explained in this notice.

- This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the Settlement Agreement available at www.fritolayfcrasettlement.com, by contacting Settlement Class Counsel at TOLL FREE NUMBER, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the U.S.D.C.

Northern District of California, 450 Golden Gate Ave, San Francisco, CA, between 9:00 AM and 4:00 PM, Monday-Friday, excluding Court holidays. Do not telephone the Court or the Court Clerk's Office to inquire about the Settlement or the Claims process.

- The Court still needs to decide whether to approve this settlement, which may take some time.

## **TABLE OF CONTENTS**

Basic Information ........................................................................................................................... 5

1.     Why did I get this notice? ................................................................................................ 5

2.     What is the lawsuit about? ............................................................................................... 5

3.     Why is this case a class action? ....................................................................................... 5

4.     Why is there a settlement? ............................................................................................... 6

Who Is In The Settlement ............................................................................................................... 6

5.     How do I know if I am part of the settlement? ................................................................ 6

The Settlement Benefits—What You Get ...................................................................................... 6

6.     What does the settlement provide? .................................................................................. 6

7.     How can I get a benefit? ................................................................................................. 76

8.     When would I get my benefit? ........................................................................................ 7

9.     What am I giving up to get a benefit or stay in the class? ............................................... 7

10.    How do I get out of the settlement? ................................................................................ 7

11.    If I don't exclude myself, can I sue Frito-Lay for the same thing later? ......................... 8

12.    If I exclude myself, can I get benefits from this settlement? .......................................... 8

The Lawyers Representing You ..................................................................................................... 8

13.    Do I have a lawyer in this case? ...................................................................................... 8

14.    How will the lawyers and class representatives be paid? ............................................... 8

Objecting To The Settlement .......................................................................................................... 8

15.    How do I tell the Court that I don't like the settlement? ................................................ 8

16.    What's the difference between objecting and excluding? .............................................. 9

17.    Where and when will the Court decide whether to approve the settlement? .................. 9

18.    Do I need to come to the hearing? .................................................................................. 9

19.    May I speak at the hearing? .......................................................................................... 109

Getting More Information ........................................................................................................... 109

20. Are there more details about the settlement?............................................................................. 10~~9~~

21. How do I get more information? ................................................................................................ 10

| **Basic Information** |
|---|

| 1. | Why did I get this notice? |
|---|---|

You may be viewing this notice because you are believed to be a member of the Settlement Class, defined as follows:

All individuals residing in the United States who were the subject of a consumer report obtained by Frito-Lay, Inc. for employment between December 20, 2011, and February 28, 2014, and (1) for whom a disposition of "Background Check Review – Fail" or "Criminal Background Fail" was entered in Frito-Lay, Inc.'s applicant tracking system; and/or (2) whose report was updated following a dispute with Frito-Lay's background check vendor; and/or (3) whose applicant file includes a letter or letters sent to the applicant on the basis of the applicant's failure of a pre-employment background check.

As a member of the Settlement Class, you have a right to know about a proposed settlement of a class action lawsuit in which you are a class member, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves the settlement, and after objections or appeals relating to that settlement are resolved, the benefits provided for by the settlement will be available to members of the Settlement Class.

This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. A full copy of the Settlement Agreement may be reviewed at the settlement website: www.fritolayfcrasettlement.com. This notice contains only a summary of the Settlement Agreement.

The Court in charge of this case is the United States District Court for the Northern District of California, and the case is known as Roe v. Frito-Lay, Inc., Case No. 3:14-cv-00751-HSG. The person who filed this lawsuit is called the Plaintiff, and Frito-Lay is the Defendant.

| 2. | What is the lawsuit about? |
|---|---|

Plaintiff alleges that Frito-Lay failed to comply with the FCRA by failing to provide pre-adverse action notice before taking an adverse action in whole or in part on the basis of information disclosed in consumer reports.

Frito-Lay disputes Plaintiff's allegations and denies all liability to Plaintiff and the Settlement Class. In the lawsuit, Frito-Lay has denied Plaintiff's allegations and has raised a number of defenses to the claims asserted.

No court has found Frito-Lay to have violated the law in any way. No court has found that the Plaintiff could recover any certain amount in this litigation. The parties resolved their dispute by settlement subject to the Court's approval.

Although the Court has authorized notice to be given of the proposed settlement, this notice does not express the opinion of the Court on the merits of the claims or defenses asserted by either side in the lawsuit.

| 3. | Why is this case a class action? |
|---|---|

Class actions are lawsuits in which the claims and rights of many people are decided in a single proceeding. In a class action, representative plaintiffs ("Class Representatives") seek to assert claims on

behalf of all members of a class or classes of similarly situated people. In a class action, people with similar claims are treated alike. The court is guardian of the class's interests and supervises the prosecution of the class claims by counsel for the classes to assure that the representation is adequate. Class members are not individually responsible for the costs or fees of counsel, which are subject to court award.

| **4.** | **Why is there a settlement?** |
|---|---|

The Court did not decide this case in favor of the Plaintiff or in favor of Frito-Lay. Instead, Counsel for the Settlement Class and Counsel for Frito-Lay investigated the facts and applicable law regarding the Plaintiff's claims and Frito-Lay's defenses. The parties engaged in lengthy and arms'-length negotiations to reach this settlement. Plaintiff, Counsel for the Settlement Class, Frito-Lay, and its Counsel, believe that the proposed settlement is fair, reasonable, and adequate and in the best interests of the Class.

Both sides agree that, by settling, Frito-Lay is not admitting any liability or that it did anything wrong. Both sides want to avoid the uncertainties and expense of further litigation.

**Who Is In The Settlement**

| **5.** | **How do I know if I am part of the settlement?** |
|---|---|

You are a part of the settlement if you are reside in the United States and were the subject of a consumer report obtained by Frito-Lay, Inc. for employment between December 20, 2011, and February 28, 2014, and (1) for whom a disposition of "Background Check Review – Fail" or "Criminal Background Fail" was entered in Frito-Lay, Inc.'s applicant tracking system; and/or (2) whose report was updated following a dispute with Frito-Lay's background check vendor; and/or (3) whose applicant file includes a letter or letters sent to the applicant on the basis of the applicant's failure of a pre-employment background check.

According to Frito-Lay and its third-party vendors' records, you may be a member of the Settlement Class. If you are not certain as to whether you are a member of the Settlement Class, you may contact the Settlement Administrator to find out. They can be reached at [TOLL FREE NUMBER]. The question of class membership will be determined based on these records and Plaintiff and Frito-Lay's investigation.

**The Settlement Benefits—What You Get**

| **6.** | **What does the settlement provide?** |
|---|---|

If you are a member of the Settlement Class, you may receive monetary benefits under the settlement, estimated to be $200.00 (Two Hundred Dollars and No Cents).

Through this settlement, Frito-Lay will contribute $950,000.00 to a settlement fund. This fund will be subject to deductions for attorney's fees and costs, as well as a service award to the Class Representative identified below and the cost of administering this settlement, in amounts to be determined to the Court. After these deductions, the fund is to be distributed by dividing it equally among all the people in the Settlement Class. The amount you ultimately receive will vary depending on the amount of attorneys' fees and expenses awarded.

There may also be a second distribution of all uncashed checks if a sufficiently large number of people do not cash their checks within sixty (60) days of the mailing.

| **7.** | **How can I get a benefit?** |

There is nothing for you to do to qualify for and receive benefits. If you do not opt out and the settlement is approved, the Settlement Administrator will send you a check for any monies that you are entitled to under the settlement, and you will be bound by any judgment arising from the settlement.

Your interest as a member of the Settlement Class will be represented by the Plaintiff and Counsel for the Settlement Class.

If you change your address, you must mail a notification of your new address to the Settlement Administrator.

| **8.** | **When would I get my benefit?** |

The Court will hold a Fairness Hearing on Month DD, 2016 at TIME to decide whether to approve the settlement. If the settlement is approved, there may be appeals. Payments to members of the Settlement Class will be made only if the settlement is finally approved. This may take some time, so please be patient.

| **9.** | **What am I giving up to get a benefit or stay in the class?** |

Upon the Court's approval of the settlement, all members of the Settlement Class who have not timely and properly opted out of the Settlement Class (as well as their spouses, heirs, and others who may possess rights on their behalf), will fully release Frito-Lay and its corporate affiliates as follows:

a) any and all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted,

b) whether in tort, contract, or for violation of any state constitution, statute, rule or regulation, and

c) whether for economic damages, non-economic damages, restitution, penalties or liquidated damages, arising out of, relating to, or in connection with all causes of action pleaded or that could have been pleaded based upon the facts asserted in the Action, including but not limited to: (a) failure to comply with FCRA; (b) claims for statutory or actual damages; (c) claims for interest, costs, or fees; (d) claims for liquidated damages or punitive damages; or (e) any other amounts associated with any claims based on causes of action pleaded or that could have been pleaded based upon the facts asserted in the Action at any time through the close of the Class Period (whether based on law, contract, or otherwise).

This release may affect your rights, and may carry obligations, in the future. To view the full terms of this release, which are contained in the Settlement Agreement, please visit www.fritolayfcrasettlement.com.

| **10.** | **How do I get out of the settlement?** |

If you choose to be excluded from the settlement, you will not be bound by any judgment or other final disposition of the lawsuit. You will retain any claims against Frito-Lay you might have. To request exclusion, you must state in writing your desire to be excluded or "opt out" from the Settlement Class. The written request for exclusion must contain the name, address, telephone number and last four digits of Social Security number of the person requesting exclusion. **Your request for exclusion must be sent by first class mail, postmarked on or before [DATE]**, addressed to:

*Roe v. Frito-Lay, Inc.*
[SETTLEMENT ADMINISTRATOR ADDRES]

**If the request is not postmarked on or before [DATE], your request for exclusion will be invalid**, and you will be bound by the terms of the settlement approved by the Court, including without limitation, the judgment ultimately rendered in the case, and you will be barred from bringing any claims which arise out of or relate in any way to the claims in the case as specified in the release referenced in paragraph 9 above.

| **11.** | **If I don't exclude myself, can I sue Frito-Lay for the same thing later?** |

No. Unless you exclude yourself, you give up any right to sue Frito-Lay for the claims that this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately.

| **12.** | **If I exclude myself, can I get benefits from this settlement?** |

No. If you exclude yourself, you are not part of the settlement.

**The Lawyers Representing You**

| **13.** | **Do I have a lawyer in this case?** |

The Court has appointed Girardi Keese as Counsel for the Settlement Class:

V. Andre Sherman
Girardi Keese
1126 Wilshire Blvd.
Los Angeles, CA 90017
TOLL FREE NUMBER

Additional counsel for the Settlement Class are the firms of The DHF Law, P.C. and A New Way of Life Reentry Project. Counsel for the Settlement Class represent the interests of the Settlement Class. You may hire your own attorney to advise you, but if you hire your own attorney, you will be responsible for paying that attorney's fees.

| **14.** | **How will the lawyers and class representatives be paid?** |

Counsel for the Settlement Class intend to apply to the Court for an award of attorneys' fees, in an amount not to thirty-three and one-third percent (33 1/3%) of the settlement fund, and documented, customary out-of-pocket expenses incurred during the case. The Court may award less. The Court has appointed Named Plaintiff, Jane Roe, as Class Representative. Counsel for the Settlement Class also will seek compensation for the Named Plaintiff in an amount not to exceed $10,000. In both cases, these amounts will be paid directly out of the settlement fund.

**Objecting To The Settlement**

| **15.** | **How do I tell the Court that I don't like the settlement?** |

You can ask the Court to deny approval of the settlement by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies

approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to the proposed settlement in writing. You may also appear at the Final Fairness Hearing, either in person, or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Roe v. Frito-Lay, Inc.*, Case No. 3.14-cv-0075 l-HSG), (b) be submitted to the Court, either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Ave, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, (c) be filed or postmarked on or before DATE, and (d) be served on both Class Counsel and Frito-Lay's counsel.

Any member of the Settlement Class who does not file and serve an objection in the time and manner described above will not be permitted to raise that objection later.

**16.   What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the settlement.

Excluding yourself is telling the Court that you don't want to be part of the settlement. If you exclude yourself, you have no basis to object because the lawsuit no longer affects you.

**17.   Where and when will the Court decide whether to approve the settlement?**

There will be a Fairness Hearing to consider approval of the proposed settlement on Month DD, 2016, beginning at TIME, at the United States District Court for the Northern District of California, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102. The hearing may be postponed to a later date without further notice; class members should check the Settlement Website regularly for any changes to this date. The purpose of the hearing is to determine the fairness, reasonableness, and adequacy of the terms of settlement; whether the Settlement Class is adequately represented by the Class Representatives and Counsel for the Settlement Class; and whether an order and final judgment should be entered approving the proposed settlement. The Court also will consider Settlement Class Counsel's application for an award of attorneys' fees and expenses and Class Representative's compensation.

You will be represented at the Fairness Hearing by Counsel for the Settlement Class, unless you choose to enter an appearance in person or through your own counsel. The appearance of your own attorney is not necessary to participate in the Fairness Hearing.

**18.   Do I need to come to the hearing?**

No. Counsel for the Settlement Class will represent the Settlement Class at the Fairness Hearing, but you are welcome to come at your own expense. If you send any objection, you do not have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, if you wish.

| **19.** | **May I speak at the hearing?** |

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send with your objection a notice of intention to appear at the hearing as described in Paragraph 15 above. You cannot speak at the hearing if you excluded yourself.

| **Getting More Information** |

| **20.** | **Are there more details about the settlement?** |

This notice is only a summary. For a more detailed statement of the matters involved in the lawsuit or the settlement, you may refer to the papers filed in this case during regular business hours at the office of the Clerk of the Court, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, File: *Roe v. Frito-Lay, Inc.*, Case No. 3:14-cv-00751-HSG. The full Settlement Agreement and certain pleadings filed in the case are available at www.fritolayfcrasettlement.com or can be requested, in writing, from the Settlement Administrator, identified in Paragraph 10 above.

| **21.** | **How do I get more information?** |

You can visit www.fritolayfcrasettlement.com or contact the lawyers representing the Settlement Class, identified in Paragraph 13 above. **Please do not contact the Court for information.**