THE LAW OFFICES OF DEVIN H. FOK
DEVIN H. FOK, Cal. Bar No. 256599
234 E. Colorado Blvd., 8th Floor
Pasadena, California 91101
Telephone: 310-430-9933; Facsimile: 818-484-2023
devin@devinfoklaw.com

A NEW WAY OF LIFE REENTRY PROJECT
JOSHUA KIM, Cal. Bar No. 257260
9512 S. Central Boulevard
Los Angeles, California 90002
Telephone: 323-563-3575; Facsimile: 323-563-3445
joshua@anewwayoflife.org

GIRARDI KEESE
V. ANDRE SHERMAN, Cal. Bar No. 198684
1126 Wilshire Boulevard
Los Angeles, California 90017
Telephone: 213-977-0211; Facsimile: 213-481-1554
asherman@girardikeese.com

Attorneys for Plaintiff JANE ROE and
the Proposed Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRITO-LAY, INC., a foreign corporation doing business in California, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. 3:14-CV-00751 HSG<br><br>**DECLARATION OF JOSHUA E. KIM IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**<br><br>Judge: Hon. Haywood Gilliam, Jr.<br>Courtroom: 15 |

I, Joshua E. Kim, declare:

1. I have personal knowledge of the facts set forth in this Declaration, and, if called to testify, I could and would testify competently to the matters stated herein.

2. I am counsel of record for the Plaintiff Jane Roe in the above-captioned matter.

3. I submit this Declaration in support of Plaintiffs' Motion for Preliminary Approval of Settlement. I have been and remain fully devoted to prosecuting this case on behalf of Plaintiff and the class. I respectfully submit the following description of my qualifications in order to request that this Court deem me adequate to represent the Class pursuant to Federal Rule of Civil Procedure 23.

4. I first started working at A New Way of Life Reentry Project ("ANWOL") as a student intern in 2007 and then as a staff attorney since becoming licensed in 2008 and as the Director of Advocacy Department in 2014. In 2015, I transitioned to become a Litigation Attorney to conduct all individual and class action litigations, including writs.

5. ANWOL is a non-profit organization located in South Central Los Angeles that advocates on behalf of individuals with criminal records. It was founded by a formerly-incarcerated individual, Susan Burton, who is its current Executive Director and has been honored as a top 10 CNN Hero of 2010 as well as the recipient of the 2010 Gleitsman Citizen Activist Award by the Harvard Kennedy School of Government for her tireless work for people with criminal records.

6. I have personally and actively participated in many cases to vindicate the rights of people with criminal records. For example, I represented numerous individuals in post-conviction relief petitions in Superior Court of California, including a published appellate case, *People v. Parker*, 217 Cal.App.4th 498 (Cal.App.2d Dist. 2013). And I co-counseled in a class action filed against the Superior Court of California, County of Los Angeles, for its failure to seal and destroy minor marijuana conviction records—resulting in the court's reformation of its policy and practice to comply with the law. *Doe v. Clarke* (LASC Case No. BC474207). I have also served as co-counsel, along with American Civil Liberties Union and Lawyers' Committee for Civil Rights, in legal efforts against the California Secretary of State, to clarify the voting rights of people sentenced under the new Realignment. *See All of Us or None v. Debra Bowen* (1st App. Dist. Case No. A134775). And, as

the lead counsel, I filed a successful writ against the Riverside County Sheriff's Department to open the county jails for voter registration activities. *All of Us or None v. Sheriff Sniff*, Case No. RIC1214296 (Riverside Superior Court, filed Sept. 2012).

7. To date, I have also been the lead counsel or co-counsel in a number of individual cases filed in state court specifically alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, and its analog in California, the Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. C. § 1786, *et seq*.

8. I was also counsel for a number of other class actions pending in California state and federal courts involving similar claims, including: *Watkins v. HireRight* (C.D. Cal., Case No. 3:13-cv-01432-MMA); *Regalado v. Ryder* (C.D. Cal., Case No. 2:12-cv-05737-DSF-FFM); and *Roe v. Intellicorp Records, Inc.* (N.D. Ohio, Case No. 1:12-cv-02288).

9. Prior to law school, I worked as a web application developer and have extensive knowledge and skills with database analysis. I have found that my database and programming skills are very useful when conducting discovery of electronically-stored information (ESI), especially in class action litigation, because I can speak both "law" and "database," readily translating questions of fact into database queries and vice versa.

10. I have also represented a number of clients before the United States Equal Employment Opportunity Commission ("EEOC") on claims related to Title VII of the Civil Rights Act of 1964 ("Title VII"), including a recent case that favorably settled against a national trucking company, JB Hunt.

11. My knowledge and experience in this area of practice extends beyond the courtroom. I have trained and presented on topics relevant to the claims in this matter. I have been invited to give a presentation on and/or train staff regarding reentry law issues, including California "clean slate" laws, Title VII, ICRAA, and the FCRA. Previously, I have trained the staff at the EEOC, Los Angeles District Office, on the employer's use of criminal records for the purpose of Title VII compliance at

the invitation of the former Los Angeles Regional Director, Olophius Perry, in partnership with the National Employment Law Project. I have also been invited to provide the same training to the staff at the California Department of Fair Employment and Housing. I regularly provide trainings and presentations at various governmental and community-based organizations on the issues related to the rights of people with criminal records. I was the main organizer and a presenter for a national conference on reentry laws co-hosted by ANWOL in 2011 and 2012.

12. I also advocate for expansion of policies that protect the rights of people with conviction history. For example, in the City of Carson and the City of Compton, we have successfully advocated for "Ban the Box" initiative, which prohibits the local government from considering a job applicant's criminal history before finding her otherwise-qualified for the position to which she is being considered. We have also sponsored several successful legislations in the state legislature, including in 2013 Assembly Bill 218 (statewide "Ban the Box" signed into law by California Governor Jerry Brown last month), AB 651 (post-conviction relief for a broader group of people with low-level felony convictions), and Senate Bill 530 (prohibition against inquiry and use of dismissed records in employment). I have actively participated in all of ANWOL's legislative and policy projects, zealously representing the interests of my clients that have a criminal record.

13. In 2007, while I was a student at the UCLA School of Law, I helped co-found the largest reentry legal clinic ("Clinic") in Southern California. The Clinic is operated in partnership between A New Way of Life Reentry Project and the UCLA School of Law. Between 2008 and 2011, I was a supervising attorney for the Clinic, responsible for its procedures and policies.

14. Every month, the Clinic serves between 20 and 40 clients who seek to clean up their record to improve their employment chances in both South Central Los Angeles and Long Beach. I hear from a substantial number of them that they have trouble finding employment—and that they suspect that it is due to their past criminal

-4-    Case No. 3:14-cv-00751 HSG
DECLARATION OF JOSHUA E. KIM

records. However, many of them cannot be certain of the reason, because the employer will simply refuse to acknowledge them or provide an explanation often *after* denying them employment. As an attorney working at a community-based organization advocating for their successful reentry, I see firsthand the despair associated with my clients' diminished employment prospects. Cases like this serve as critical positive steps toward improving their employment prospects.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed this 23rd day of June 2016 in Los Angeles, California.

A NEW WAY OF LIFE REENTRY PROJECT

By     /s/ Joshua E. Kim
       JOSHAU E. KIM

Attorney for Plaintiff
JANE ROE