**GIRARDI KEESE**
John A. Girardi, Esq. (SBN #54917)
    jgirardi@girardikeese.com
V. Andre Sherman, Esq. (SBN #198684)
    asherman@girardikeese.com
1126 Wilshire Blvd.
Los Angeles, CA 90017
Ph: (213) 977-0211
Fax: (213) 481-1554

Attorneys for Plaintiffs and the Proposed Class

[*Additional counsels on signature page*]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE, individually, and as a representatives of the class,<br><br>Plaintiffs,<br>vs.<br><br>FRITO-LAY, INC.; and DOES 1-10 inclusive,<br>Defendants. | CASE NO.: 3:14-CV-00751-HSG<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL**<br><br>Judge: Hon. Haywood Gilliam, Jr.<br>Courtroom: 15<br><br>Hearing Date: July 28, 2016<br>Time: 2:00 P.M.<br>Location: Courtroom 15, San Francisco |

1  The Court, having reviewed the Settlement Agreement entered into by the parties, hereby Orders that:

2  1.  The Court provisionally certifies a class for settlement purposes only, pursuant to Fed. R. Civ. P. 23(b)(3), as follows:

> All individuals residing in the United States who were the subject of a consumer report obtained by Frito-Lay for employment between December 20, 2011, and February 28, 2014 and (1) for whom a disposition of "Background Check Review – Fail" or "Criminal Background Fail" was entered into Frito-Lay, Inc.'s applicant tracking system; and/or (2) whose report was updated following a dispute with Frito-Lay's background check vendor; and/or (3) whose applicant file includes a letter or letters sent to the applicant on the basis of the applicant's failure of pre-employment background check.

2.  Excluded from the Class are: all persons who submit timely and valid requests to be excluded from the Class pursuant to the terms of the Settlement Agreement and this Order.

3.  The Settlement Agreement entered into between the Plaintiff Jane Roe and Defendant Frito-Lay, Inc. appears, upon preliminary review, to be fair, reasonable, and adequate to the Class. Accordingly, the proposed settlement is preliminarily approved, pending a fairness hearing as provided for herein.

4.  The Court finds this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) for settlement purposes.

5.  Pursuant to Fed. R. Civ. P. 23, Plaintiff Jane Roe is approved as Class Representative. This Court appoints the firms Girardi Keese; The Law Offices of Devin H. Fok d.b.a. DHF Law, P.C., and A New Way of Life Reentry Project as Class Counsel.

6.  Rust Consulting, Inc. is approved as Settlement Administrator.

7.  The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) on _____, 2016 in Courtroom 15 – 18th Floor, 450

1  Golden Gate Avenue, San Francisco, CA 94102, at _____ for the following
2  purposes:
3        a.  To finally determine whether this action satisfies the criteria for class
4            certification set forth in Fed. R. Civ. P. 23(a) and (b);
5        b.  To determine whether the proposed settlement is fair, reasonable, and
6            adequate and should be granted final approval by the Court;
7        c.  To determine whether a final judgment should be entered dismissing
8            the claims of the Class;
9        d.  To consider the application of Class Counsel for an award of attorney's
10           fees and expenses, and for individual settlement and service awards to
11           the Class Representative; and
12       e.  To rule upon other such matters as the Court may deem appropriate.
13       8.    Within \_\_\_\_\_ business days of the entry of this Order, Defendants shall
14 provide the Settlement Administrator shall proceed with the notice plan as set forth
15 in the Settlement Agreement.
16       9.    Within \_\_\_\_\_ business days of the entry of this Order, Defendant shall
17 transfer to the Settlement Administrator, by draft or by wire, the sum of nine
18 hundred fifty nine thousand ($950,000) to create the Settlement Fund.
19       10.   The Court finds that the manner of giving notice set forth in the parties'
20 Settlement Agreement fully satisfies the requirements of Fed. R. Civ. P. 23 and due
21 process, constitutes the best notice practicable under the circumstances, and shall
22 constitute due and sufficient notice to all persons entitled thereto.
23       11.   The Settlement Administrator shall file, no later than _____ business
24 days before the Final Approval Hearing, proof of mailing of notice and of the
25 establishment and maintenance of the settlement website.
26       12.   If a Class Member chooses to opt-out of the Class, such Class Member
27 is required to submit a written and signed exclusion request to the Settlement
28 Administrator, post-marked on or before the date specified in the Notice. A Class

1  Member who submits a timely and valid exclusion request using the procedure
2  identified in the Settlement Agreement shall be excluded from the Class for any and
3  all purposes. No later than _____ business days prior to the Final Approval Hearing,
4  the Settlement Administrator shall prepare and file within the Court under seal and
5  serve on counsel, a list of all persons who have submitted timely and valid exclusion
6  requests.

7       13.    A Class Member who does not file a timely and valid exclusion request
8  shall be bound by all subsequent proceedings, orders, and judgments in this
9  litigation. Prior to the date of the Final Approval Order, the Court may permit a
10 Class Member who has filed a timely and valid exclusion request to withdraw such
11 exclusion request and to participate in the Settlement Agreement as if such
12 exclusion request had never been made.

13      14.    A Class Member may object to the settlement. To exercise this
14 objection right, the Class Member must provide written notice of the objection via
15 first class mail to the Clerk of Court, Class Counsel, and Defense Counsel. For an
16 objection to be considered by the Court, the objection must be postmarked no later
17 than the last day of the opt-out period, as specified in the Notice. For an objection to
18 be considered by the Court, the objection must also set forth:

19     a. The name of the litigation;
20     b. The objector's full name, address and telephone number;
21     c. All grounds for the objection, accompanied by any legal support for the
22        objection known to the objector or his counsel;
23     d. The number of times in which the objector has objected to a class
24        action settlement within the five years preceding the date that the
25        objector files the objection the caption of each case in which the
26        objector has made such objection, and a copy of any orders related to or
27        ruling upon the objector's prior such objections that were issued by the
28        trial and appellate courts in each listed case;

    e. The identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

    f. Any and all agreements that relate to the objection or the process of objecting – whether written or oral – between objector or objector's counsel and any other person or entity;

    g. The identity of all counsel representing the objector who will appear at the Final Approval Hearing;

    h. A list of all persons who will be called to testify at the Final Approval Hearing in support of this objection;

    i. A statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

    j. The objector's signature (an attorney's signature is not sufficient).

15. The right to object must be exercised individually by an individual Class Member, not as a member of a group or subclass and, except in the case of a deceased or incapacitated Class Member, not by the act of another person acting or purporting to act in a representative capacity.

16. All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the settlement, for an individual award to the Class Representative and for an award of attorney's fees and expenses, shall be filed not later than ____ days before the Final Approval Hearing.

17. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

1 | Dated: _____
2
3
4                                  By  _____
5                                      HON. HAYWOOD S. GILLIAM JR.
                                       UNITED STATES DISTRICT JUDGE
6
7
8
...
28

-5-